649 So.2d 652 (1994)
ALLIED BRUCE TERMINIX COMPANY, INC., Plaintiff/Appellee,
v.
John R. GUILLORY, Defendant/Appellant.
No. 94-319.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Writ Denied January 27, 1995.
Tracy Hidalgo, New Orleans, for Allied Bruce Terminix Companies.
Stephen Douglas Baker, Randal Paul McCann, Lafayette, for John R. Guillory.
Before DOUCET and PETERS, JJ., and BERTRAND[*], J. Pro Tem.
LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Plaintiff, Allied Bruce Terminix Company, Inc., filed suit for injunction and damages against defendant, John R. Guillory, for the alleged breach of a non-compete agreement. The trial court granted a preliminary injunction and Guillory appeals. We affirm.
The trial court made the following findings of fact and conclusions of law:
This matter came before the Court on September 30, 1993, on a Rule for Preliminary Injunction filed by plaintiff, Allied Bruce Terminix Company, Inc., and an Exception of No Cause of Action filed by defendant, John R. Guillory.
The facts show that defendant was employed by Terminix as a pest control technician, and on September 7, 1990, defendant signed an employment agreement setting forth certain limitations on his actions during the course of his employment with Terminix for a period of two (2) years after termination. The agreement specifically provides in pertinent part:
For a period of two years following termination of employment with Employer, Employee will not, either directly or indirectly, solicit or accept termite *653 and/or pest control work from, or perform termite and/or pest control work for, any customer of employer for himself or for any other person, firm or corporation, nor will Employee engage in, accept employment from, become affiliated or connected with, directly or indirectly, or by any means become interested in, directly or indirectly, any termite and/or pest control business, or any other line of business similar to or of a like nature to any work performed by Employer.
The agreement further provides that said prohibition be limited to those parishes in which defendant has worked for Terminix during the term of the agreement. The Court finds these parishes to be Lafayette and Acadia.
Defendant resigned from his employment effective July 6, 1993, and has opened up his own pest control service company, which is located in St. Landry Parish. The majority of defendant's client base is in Lafayette Parish, and he freely admits that some of these clients were former clients of Terminix.
After considering the law, evidence and arguments of counsel, the Court grants the injunction and denies the Exception of No Cause of Action. The provision at issue is valid and enforceable, as it was drafted in conformity with La.R.S. 23:921, as amended in 1989, which expressly changed the law to authorize certain noncompetition and nonsolicitation agreements.
After reviewing La.R.S. 23:921, and its interpretive jurisprudence, we conclude the contract at issue is legally enforceable and find no error in the trial judge's decision. The non-compete agreement was intended to be a condition of employment. The agreement is not unenforceable for lack of consideration or on the basis of a potestative condition. See La.C.C. Art. 1966, et seq., and Martin-Parry Corp. v. New Orleans Fire Detection Service, 221 La. 677, 60 So.2d 83 (La.1952).
Further, we find no merit to Guillory's argument that his consent to the contract was vitiated by economic duress, i.e., the threat of his employment being terminated. As explained in Litigation Reprographics and Support Services, Inc. v. Scott, 599 So.2d 922 (La.App. 4th Cir.1992), and codified at La.C.C. Art. 1962, the threat of doing a lawful act does not constitute duress. Therefore, we reject the argument that Guillory signed the non-compete agreement under duress and did not consent to its terms.
Turning briefly to Guillory's exception of improper use of summary proceedings, we find that the summary proceeding conducted by the trial judge was in compliance with paragraph G of La.R.S. 23:921 and La.C.C.P. Art. 3609 for the issuance of a preliminary injunction. The preliminary injunction is an interlocutory procedural device designed to preserve the status quo pending trial on the merits. See Foret v. Terrebone Ltd., 631 So.2d 103 (La.App. 5th Cir.1994). Accordingly, Guillory will have the opportunity to conduct discovery and present further evidence during the course of the proceedings for the issuance of the permanent injunction. For this reason, we conclude the use of a summary proceeding herein did not deprive Guillory of any constitutionally protected rights.
Finally, we find no harm in the trial court's initial failure to set security in accordance with La.C.C.P. Art. 3610. This matter was remanded, without objection by Guillory, for the setting of security. Plaintiff then posted a bond in the amount of $5,000.00, as ordered by the trial judge on remand and the appeal proceeded. Guillory was not prejudiced by this delay in the posting of security.
For the foregoing reasons, the judgment of the trial court is affirmed at defendant's cost.
AFFIRMED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.