731 So.2d 965 (1999)
PETROLEUM HELICOPTERS, INC., Plaintiff-Appellant,
v.
John H. UNTEREKER, Defendant-Appellee.
No. 98-1816.
Court of Appeal of Louisiana, Third Circuit.
March 31, 1999.
Rehearing Denied May 12, 1999.
C. Lawrence Orlansky, New Orleans, Patrick A. Juneau, Jr., Lafayette, Phillip A. Wittmann, Michael D. Landry, New Orleans, Patrick S. McGoey, for Petroleum Helicopters, Inc.
Christopher Leonard Zaunbrecher, Lafayette, for John H. Untereker.
James Parkerson Roy, Bob F. Wright, Lafayette, for Omni Energy Services Corp.
Before: THIBODEAUX, PETERS and PICKETT, Judges.
PICKETT, Judge.
The Plaintiff, Petroleum Helicopters, Inc., appeals a judgment of the trial court denying its motion for preliminary injunction and dismissing its petition to enforce the contractual obligation of the Defendant, John H. Untereker. For the following reasons, we reverse and remand.

FACTS
The Defendant, John H. Untereker, was hired by the Plaintiff, Petroleum Helicopters, Inc. (PHI), as Vice President and Chief Financial Officer of the company on *966 June 15, 1992. PHI provides aviation transport services in Louisiana and elsewhere throughout the United States and abroad. PHI also provides aeromedical services throughout Louisiana and elsewhere in the United States. Upon being hired, Mr. Untereker signed an employment agreement, which stated in pertinent part:
In the event that you [Mr. Untereker] terminate your employment with PHI, it is understood that, for a period of twenty-four months after that date, you will refrain from carrying on or engaging in a similar business, and refrain from soliciting customers of PHI within the parishes in which PHI carries on a like business.
Mr. Untereker's duties while employed at PHI included formulating bids for aviation services, developing pricing models and lease rates, purchasing and leasing aircraft and other equipment, supervising all financial and accounting personnel, as well as being responsible for business development and investor relations.
On July 21, 1998, Mr. Untereker informed Caroll W. Suggs[1] that he was ending his employment with PHI. Mr. Untereker then stated that he intended on to work for Omni Energy Services Corporation (Omni) as its Executive Vice President to oversee the financial management of the company. Omni is an oilfield service company whose business consists of, among other things, providing helicopter support to the oil and gas industry along the Gulf Coast and in the parishes serviced by PHI. PHI and Omni are direct competitors in the oil and gas support service industry. Omni subsequently announced that Mr. Untereker had been employed by the company on July 29, 1998.
PHI filed a petition for temporary restraining order and injunctive relief against Mr. Untereker on July 30, 1998. PHI alleged breach of the non-competition agreement, breach of fiduciary duty and violation of the Louisiana Trade Secrets Act contained in La.R.S. 51:1341 et seq. The trial court denied the request for temporary restraining order and set the rule for preliminary injunction for August 7, 1998. Following the hearing, the trial court found the employment agreement to be unenforceable as a matter of law because the parties failed to specify the parishes in a manner consistent with La.R.S. 23:921, the Louisiana non-competition statute. A judgment dismissing PHI's petition for injunctive relief was filed on August 21, 1998. PHI now appeals.

OPINION
In its appeal, PHI alleges one assignment of error, namely, that the trial court "erred in holding, as a matter of law, that a chief financial officer may not agree with his employer that he will not carry on or engage in a similar business, or solicit customers of the company, for two years after termination of employment `within the parishes in which [PHI] carries on a like business.'" Specifically, PHI contends that the phrase, "within the parishes in which PHI carries on a like business," complies with the geographic limitation set forth in La.R.S. 23:921.
In the present case, the trial court concluded that the employment agreement between PHI and Mr. Untereker did not meet the statutory requirements of La. R.S. 23:921. In reaching this conclusion the trial court stated:
It's my ruling that [La.]R.S. 23:921, and the cases interpreting it require that to be valid, a non-competition agreement must, among other things, prohibit competition within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on like business therein. That's the geographical limitation; two prongs. One, it is limited to the area in which the employer does business, or carries a like business, and two, within that area, specified parish or parishes, municipality, *967 or parts thereof. And Article R.S. 921(A) says that any contract or agreement restraining someone from exercising the lawful profession, place or business, except as provided in this section, shall be null and void.
It is my ruling that the letter agreement you presented is contrary to the non-competition statute, and does not meet the geographical limitation provision of [La.R.S.] 23:921.
The trial court further stated that although the geographical limitation does not have to be specified by name, simply stating "that any parish where we do business is not specific enough for the statute."
La.R.S. 23:921, which covers Louisiana non-competition law, provides in pertinent part:
C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.
The statute further provides:
G. Any agreement covered by Subsections B, C, D, E, or F of this Section shall be considered an obligation not to do, and failure to perform may entitle the obligee to recover damages for the loss sustained and the profit of which he has been deprived. In addition, upon proof of the obligor's failure to perform, and without the necessity of proving irreparable injury, a court of competent jurisdiction shall order injunctive relief enforcing the terms of the agreement.
Thus, in order for a non-competition agreement to be valid, the agreement may limit competition only in a business similar to that of the employer (1) in a specified geographic area and (2) for a term not to exceed two years.
For the sake of public policy, the provisions of non-competition agreements are strictly construed in favor of employees. Cellular One, Inc. v. Boyd, 94-1783, 94-1784 (La.App. 1 Cir. 3/3/95); 653 So.2d 30, writ denied, 95-1367 (La.9/15/95); 660 So.2d 449; see also Pelican Publ'g Co. v. Wilson, 626 So.2d 721 (La.App. 5 Cir. 1993); Comet Indus., Inc. v. Lawrence, 600 So.2d 85 (La.App. 2 Cir.), writ denied, 604 So.2d 1002 (La.1992). Accordingly, an agreement that fails to specify the "parish or parishes, municipality or municipalities, or parts thereof" where the employer does business is unenforceable. Cellular One, Inc., 653 So.2d 30; Comet Indus., Inc., 600 So.2d 85.
We have previously faced a similar issue as the one presented in the instant matter in Allied Bruce Terminix Co. v. Guillory, 94-319 (La.App.11/2/94); 649 So.2d 652, writ denied, 94-2929 (La.1/27/95); 650 So.2d 244. In Allied, the defendant, John R. Guillory, signed an employment agreement that provided in pertinent part:
For a period of two years following termination of employment with Employer, Employee will not, either directly or indirectly, solicit or accept termite and/or pest control work from, or perform termite and/or pest control work for, any customer of employer for himself or for any other person, firm or corporation, nor will Employee engage in, accept employment from, become affiliated or connected with, directly or indirectly, or by any means become interested in, directly or indirectly, any termite and/or pest control business, or any other line of business similar to or of a like nature to any work performed by Employer.
Id., 94-319 at p. 2, 649 So.2d at 652-53.
The employment agreement further provided that the geographic limitation was to be limited to the parishes in which Mr. Guillory had worked for Terminix during *968 the term of the agreement. After determining the prohibited parishes to be Acadia and Lafayette, we concluded that the non-competition agreement conformed to the requirements of La.R.S. 23:921 and was legally enforceable.
Likewise, the Fourth Circuit Court of Appeal held a non-competition agreement that did not specify by name the parishes included in the geographic limitation to be valid in Dixie Parking Service, Inc. v. Hargrove, 96-1929 (La.App. 4 Cir. 3/26/97); 691 So.2d 1316. In Dixie, the geographic limitation was "limited to the Louisiana parishes set forth in a schedule attached to the Non-Competition Agreement, and within any parishes in which Dixie conducted business at the time of Hargrove's termination." Id. at 1318 (Emphasis ours). The Fourth Circuit deleted the nine parishes listed in the exhibit using the severability clause in the agreement and applied the agreement to Jefferson and Orleans Parishes, the parishes where Dixie operates. After striking the non-enforceable provision of the agreement, the Fourth Circuit affirmed the trial court's judgment finding the non-competition agreement to be enforceable against Amy Hargrove.
In the instant case, the non-competition agreement prohibits Mr. Untereker from "carrying on or engaging in a similar business, and refrain[ing] from soliciting customers of PHI within the parishes in which PHI carries on a like business." Although the parishes are not specifically identified by name, they are identifiable. Furthermore, considering Mr. Untereker's position with PHI, he would surely be aware of the parishes in which PHI conducts its business. Accordingly, we find that the non-competition agreement complies with the requirements of La.R.S. 23:921 and is legally enforceable against Mr. Untereker. We further find that the trial court erred in dismissing PHI's petition for injunctive relief.

DISPOSITION
For the foregoing reasons, the judgment of the trial court dismissing Petroleum Helicopter, Inc.'s petition for injunctive relief is hereby reversed. The matter is remanded to the trial court for further proceedings consistent with the views expressed herein. All costs of this appeal are assessed to the Defendant-Appellee, John H. Untereker.
REVERSED AND REMANDED.
NOTES
[1] Carroll Suggs is the Chairman of the Board, President and Chief Executive Officer of PHI.