NOT DESIGNATED FOR PUBLICATON

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-507

TRENTON RAY BERWICK

VERSUS

LACI NICOLE BULLER BERWICK

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-4851
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**Conery, J., concurs in the result and assigns reasons.**

**REVERSED AND REMANDED.**

Anne E. Watson
232 North Liberty Street
Opelousas, LA 70570
(337) 942-9749
COUNSEL FOR DEFENDANT-APPELLEE:
        Laci Nicole Buller Berwick

**Brad A. Guillory**
**Liles & Guillory Law Firm**
**940 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-5297**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **Trenton Ray Berwick**

**PICKETT, Judge.**

Father appeals the trial court's grant of mother's rule for contempt and denial of his rule for contempt that both pertain to his visitation with their minor son. He also appeals the dismissal of his objection to discovery propounded by the mother. For the following reasons, we reverse the judgment of the trial court.

## FACTS

Trenton and Laci Berwick were married and had one son Maximus who has a serious health condition. They subsequently divorced. The trial court signed a Joint Custody and Implementation Plan and a Stipulated Judgment that granted Laci custody of Maximus and granted Trenton visitation with him. Due to Maximus's serious health issues, the Stipulated Judgment set forth very specific care requirements that Trenton had to follow when exercising visitation with Maximus.

In June 2014, Trenton filed a Rule for Contempt, asking the trial court to impose sanctions on Laci for not following the provisions of the Stipulated Judgment. Laci served Trenton with 133 Requests for Admissions, regarding the allegations set forth in his Rule for Contempt. Trenton objected to the discovery and requested a trial on his objection. Thereafter, Laci also filed a Rule for Contempt, asking the trial court to impose sanctions against Trenton for not abiding by the requirements of the Stipulated Judgment.

The Rules for Contempt and Trenton's objection to Laci's discovery were set for trial on August 26, 2014. The trial was continued at Trenton's request and rescheduled for November 2014. In September 2014, Trenton's attorney withdrew from representing him.

Trenton hired another attorney who attended court on November 6, 2014, for the trial on the parties' Rules for Contempt and Trenton's objection to Laci's Requests for Admissions. A pre-trial conference was held, and all matters were reset for January 12, 2015. Notice of the new trial date was provided in open court to counsel for the parties, and Laci who was also present in court. A Pretrial Order and Trial Notice was issued by the clerk of court that same date and filed in the record on November 7, 2014, showing the trial was set for January 12, 2015. On November 24, 2014, Trenton's new attorney filed a Motion to Withdraw from representing him. The trial court signed the order allowing counsel to withdraw on December 18, 2014.

A minute entry for January 12, 2015, is in the record, which states the case being "regularly fixed" for that date and was "called." The minute entry further states that "[n]o appearances" were made by either party or on their behalf and that the trial "court order[ed] this matter set on call/standby." On January 13, 2015[1], Laci and her attorney appeared in court for the trials set on the Rules for Contempt and Trenton's objections to Laci's Requests for Admissions. Trenton did not appear at the trial, and no attorney appeared on his behalf. The trial court proceeded with the trial after determining that Trenton had been given notice of the trial on November 6, 2014, and outlining attempts made by her office and Laci's attorney to contact him the week of January 8 about the January 13 trial. Because Trenton was not present in court, the trial court dismissed his Rule for Contempt and his objection to Laci's Requests for Admissions. Laci proceeded with her Rule for Contempt.

---

[1] The discrepancy in the dates of the hearing notice and the actual date of the hearing and notice to Trenton of the potential for a change in the trial date is not addressed in the record.

After considering the evidence presented by Laci, the trial court ordered Trenton to respond to Laci's Requests for Admissions within twenty-one days of being served with the judgment and found Trenton to be in contempt of the Joint Custody and Implementation Plan and the Stipulated Judgment. The trial court also ordered him to serve ninety days in the parish jail, with his sentence being suspended if he complied with the judgment. The trial court further ordered Trenton to provide a health insurance card to Laci within twenty-four hours of being served with the judgment; suspended his visitation with Maximus; and ordered him to pay attorney fees to Laci's attorney and all court costs. After being served with the judgment, Trenton hired a new attorney and filed a Motion for New Trial which the trial court denied. He then appealed the judgment.

## ASSIGNMENTS OF ERROR

Trenton assigns three errors on appeal:

1.  The trial court erred when it failed to grant a new trial to annul the January 13, 2015 judgment where he had not been served with process as required by law.

2.  The trial court erred when it failed to recognize that parental rights are protected by due process and, as such, Trenton was entitled to some kind of hearing before those rights could be limited or modified.

3.  The trial court erred when it failed to base its judgment on the best interests of the child; it ignored that the pattern of willful and intentional violation of visitation or other custody orders, without good cause, may constitute a material change in circumstances warranting a modification of an existing custody or visitation order.

## DISCUSSION

*Notice and Due Process*

Trenton argues that the trial court should have granted his Motion for New Trial because he was not served with notice of the January 8, 2015 pretrial

conference and the trial set for the week of January 12, 2015. He also urges that he was denied due process when the trial court suspended his visitation with Maximus without him having notice of and being present at the January 13, 2015 trial. Laci argues the trial court's judgment is proper and should be upheld by this court because (1) Trenton received notice in court on November 6, 2014, of the pretrial conference and trial dates of January 2015, and (2) he was served with notice of those dates.

Trenton argues nothing in the record evidences that he was given notice of the January 13, 2015 trial date. The Minute Entry for November 6, 2014, shows that Trenton's attorney was present in court on his behalf and that notice was given to all present in court that trial on the Rules for Contempt and his objection to discovery was fixed for the week of January 12, 2015. The record further shows that a Pretrial Order and Trial Notice was issued on November 6, 2014, which requested service on Trenton and his attorney.

On November 24, 2014, Trenton's attorney filed a Motion to Withdraw. The motion stated the attorney had a conflict of interest because the firm with which the attorney practiced had previously represented Laci. The trial court signed the order allowing him to withdraw on December 18, 2014.

Trenton admitted in his Motion for New Trial that he had personal knowledge of the trial being reset for January 12, 2015. He stated in Paragraph 5 of his Motion for New Trial (emphasis added):

> On December 29, 2014, TRENTON RAY BERWICK attended an appointment with Christian D. Chesson to discuss his case that Mr. Chesson's firm previously withdrew from. TRENTON RAY BERWICK was advised that although Mr. Sheffield had a conflict, Christian D. Chesson did not, and his firm would be re-enrolling in this matter. *During this same meeting, TRENTON RAY BERWICK*

4

*informed Mr. Chesson that he would be working offshore at the time of the Pretrial Conference and Trial date.*

Review of the Motion to Withdraw shows, however, that Trenton's attorney was allowed to withdraw without satisfying the requisites of Rule 9.13 of the Uniform Rules for Louisiana District Courts, Title II. Rule 9.13 sets forth requirements that must be met before counsel of record can withdraw from representing a client. It provides, in pertinent part:

Enrolled attorneys have, apart from their own interests, continuing legal and ethical duties to their clients, all adverse parties, and the court. Accordingly, the following requirements govern any motion to withdraw as counsel of record:

(a) The withdrawing attorney who does not have written consent from the client shall make a good-faith attempt to notify the client in writing of the withdrawal and of the status of the case on the court's docket. The attorney shall deliver or mail this notice to the client before filing any motion to withdraw.

. . . .

(c) Any motion to withdraw shall include the following information:

(1) The motion shall state current or last-known street address and mailing address of the withdrawing attorney's client. The withdrawing attorney shall also furnish this information to the clerk of court.

(2) If a scheduling order is in effect, a copy of it shall be attached to the motion.

(3) The motion shall state whether any conference, hearing, or trial is scheduled and, if so, its date.

(4) The motion shall include a certificate that the withdrawing attorney has complied with paragraph (a) and with Rule 1.16 of the Rules of Professional Conduct, Louisiana State Bar Association, Articles of Incorporation, Art. 16. A copy of the written communication required by paragraph (a) shall be attached to the motion.

. . . .

5

(d) The court may allow an attorney to withdraw by ex parte motion if:

(1) The attorney has been terminated by the client; or

(2) The attorney has secured the written consent of the client and of all parties or their respective counsel; or

(3) A limited appearance, as authorized by Rule 1.2(c) of the Rules of Professional Conduct and consented to by the client has been completed, or

(4) The case has been concluded.

(e) The court may also allow an attorney to withdraw by ex parte motion if no hearing or trial is scheduled.

(f) If paragraph (d) does not apply, then an attorney may withdraw as counsel of record only after a contradictory hearing and for good cause. All parties and the withdrawing attorney's client shall be served with a copy of the motion and rule to show cause why it should not be granted

(g) If counsel's withdrawal would delay a scheduled hearing or trial, the court will not allow the withdrawal, unless exceptional circumstances exist or limited representation was undertaken pursuant to a Notice of Limited Appearance and completed.

The Motion to Withdraw and the trial court's signing of the order allowing Trenton's attorney did not satisfy the requirements of sections (a), (b), (c), (d), (e), or (f) of Rule 9.13.

Rule 1.16(a)(1) of the Rules of Professional Conduct provides that an attorney "shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law." Thus, if Trenton's attorney had a conflict of interest he was required to withdraw from representing Trenton. However, the attorney did not have Trenton's written consent to withdraw, therefore, he was also required to " make a good faith attempt to notify [Trenton] in writing of the withdrawal and of the status

6

of the case on the court's docket." La.Dist.Ct.R. 9.13(a). Furthermore, the attorney was required to "deliver or mail this notice" of his intent to file a motion to withdraw "to [his] client *before filing* any motion to withdraw." *Id.* There is no evidence Trenton's attorney fulfilled either of these requirements.

The record indicates that Trenton did not learn of his attorney's withdrawal from this matter until December 29, 2014. More importantly, the record does not establish that Trenton received notice that the trial had been rescheduled for January 12, 2015, until that date.

Under these facts, we find the record does not show Trenton had adequate notice of the January 13, 2015 trial date and was, therefore, denied procedural due process and fundamental fairness. *Metro Gaming & Amusement Co. v. Deckbar & Grill, L.L.C.*, 07-546 (La.App. 5 Cir. 12/11/07), 972 So.2d 1264. Accordingly, we reverse the judgment of the trial court and remand the matter for a new hearing on the parties' Rules for Contempt and Trenton's objections to Laci's Interrogatories.

In considering the posture of this matter, Maximus's particularized health needs, the allegations set for in Laci's Rule for Contempt, and the importance of insuring Maximus's safety and well being, we are mindful that pursuant to La.Code Civ.P. art. 2164, this court "shall render any judgment which is just, legal, and proper upon the record on appeal." We are also mindful that "[a] court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." La.Code Civ.P. art. 191. Due to Maximus's serious health condition and the vital importance that he receive appropriate medical care, we cannot ignore the evidence presented to the trial court. Accordingly, we hereby order that Trenton be granted supervised visitation with

7

Maximus for four hours a day two days a week at Laci's home until a new trial is held before the trial court.

## DISPOSITION

The judgment of the trial court is reversed, and the interim order above is hereby invoked. Costs to be assessed by the trial court at the conclusion of the new trial.

**REVERSED AND REMANDED.**

**This opinion is <u>NOT DESIGNATED FOR PUBLICATION.</u>**
**Uniform Rules—Courts of Appeal, Rule 2–16.3.**

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

TRENTON RAY BERWICK

V.

LACI NICOLE BULLER BERWICK

**CONERY, J., concurs in the result and assigns reasons.**

While I would find that Trenton did have adequate notice and had not been denied due process and fundamental fairness, I agree with the majority's conclusion to impose restricted visitation pending another hearing before the trial judge due to the serious condition of the child. Regardless of our ruling, the father had the right to provoke another hearing to attempt to convince the judge of his ability to care for the child and to expand his visitation. I therefore concur in the result.