972 So.2d 1264 (2007)
METRO GAMING & AMUSEMENT COMPANY
v.
The DECKBAR & GRILL, L.L.C. and AMA Distributors, Inc. d/b/a Lucky Coin Machine Company.
No. 07-CA-546.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2007.
Rehearing Denied January 14, 2008.
Wiley J. Beevers, Raylyn R. Beevers, Steven M. Mauterer, Michael F. Somoza, Beevers & Beevers Law Firm, Attorneys at Law, Gretna, Louisiana, for Plaintiff/Appellee.
Kurt S. Blankenship, Robert I. Baudouin, Njeri B. Maldonado, Jennifer M. Sullivan, Blue Williams, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.
Defendant, AMA Distributors, Inc. D/B/A Lucky. Coin Machine, appeals from a judgment rendered in favor of plaintiff, granting injunctive relief, specific performance and damages. For the reasons that follow, we vacate the judgment.
On January 21, 2004, Metro Gaming and Amusement Company ("Metro"), and the Deckbar and Grill, L.L.C. ("Deckbar") entered into a contract which gave Metro the right to place its video poker machines into Deckbar's establishment in return for a sharing of the profits generated by those machines. The contract, signed by Charles B. Whalen, manager of the Deckbar establishment specifically provides that
Establishment [Deckbar] hereby grants unto Company [Metro] the exclusive *1266 rights to place and operate said video draw poker devices and other legalized gaming devices in Establishment for a term of five (5) years commencing on the date that Company places first gaming device in operation at the aforesaid Establishment's business premises.
On February 2, 2006, Metro filed suit against Deckbar and AMA Distributors, Inc. D/B/A Lucky Coin Machine ("AMA") seeking a Temporary restraining order, and preliminary and permanent injunction. In the petition. Metro alleged that Deckbar had its machines turned off and demanded that they be removed from its establishment, and that Deckbar entered into a contract with AMA for the placement of AMA's machines into the establishment. Metro requested that AMA be enjoined from placing its video poker machines into the establishment. The trial court granted the preliminary injunction on February 17, 2006.
On March 31, 2006, Metro filed a supplemental and amending petition, which added Charles B. Whalen, Jr. individually and as the owner/member of Deckbar. Metro alleged that Deckbar, through Whalen, and AMA entered into an "agreement, scheme and/or plan" to force Metro to remove its gaming machines and to replace them with AMA's machines and that this agreement was a conspiracy as defined by LSA C.C. art. 2324, making Deckbar and AMA liable in solido. Metro sought specific performance of the contract as well as all damages incurred as a result. Defendants filed an answer which incorporated exceptions of no cause/right of action. In addition, defendant filed a motion to set a trial date for the hearing on the permanent injunction. A trial date of November 13th was ultimately set.
On August 25, 2006, a pre-trial conference was held before the court. At that time, attorney for the defendants voluntarily dismissed the exceptions that had been filed. The attorneys for both plaintiff and defendants agreed at that time to setting trial on the merits of the first supplemental and amending petition for damages on the same November 13th date as the trial for permanent injunction.
On November 7, 2006, six days before the scheduled trial, counsel for Deckbar, Whalen and AMA filed a motion to withdraw as counsel of record, alleging the development of conflict of interest between the defendants. In this motion, counsel admitted that a trial on both the petition for the permanent injunction and the amended petition for damages was set for November 13, 2006. The trial court granted the motion to withdraw on November 9, 2006.
Trial was held on November 13, 2006. Although plaintiff was present, no counsel enrolled on behalf of defendants, and they (Deckbar, Whalen and AMA) did not appear. Thereafter, the trial court rendered judgment granting a permanent injunction in favor of Metro, enjoining AMA and Deckbar from placing video gaming devices in the establishment. The court further granted Metro's request for specific performance, and ordered Deckbar to comply with the January 21, 2004 contract by allowing the placing of its video poker machines. The court also rendered judgment in favor of Metro and against defendants Deckbar, Whalen and AMA, in solido, in accordance with LSA C.C. art. 2324, awarding damages of $44,571.78.
AMA appealed from the judgment of the trial court. Deckbar and Whalen filed an untimely motion for new trial, which was denied. No motion for appeal on behalf of Deckbar and/or Whalen appears in the record.
*1267 AMA presents four assignments of error in this appeal. In its first three allegations of error, it contends that the trial court erred in signing the motion to withdraw as counsel of record, because the motion did not comply with the Uniform Rules of the District Court. It further contends that the trial court erred in proceeding with trial when there was no evidence in the record that it had received notice of trial or a reasonable opportunity to obtain new counsel, and also that the trial court erred in awarding damages because the record does not clearly reflect that the supplemental petition was set for trial and does not indicate that the defendants were aware of the trial setting.
Rules for Louisiana District Courts Title II, Rule 9.13 provides in pertinent part:
Rule 9.13 Withdrawal as Counsel of Record
Enrolled attorneys have, apart from their own interests, continuing legal and ethical duties to their clients, all adverse parties, and the court. Accordingly, the following requirements govern any motion to withdraw as counsel of record:
(a) The withdrawing attorney who does not have written consent from the client must make a good-faith attempt to notify the client in writing of the withdrawal and of the status of the case on the court's docket. The attorney must deliver or mail this notice to the client before filing any motion to withdraw.
. . . .
(c) Any motion to withdraw must include the following information:
(1) The motion must state current or last-known street address and mailing address of the withdrawing attorney's client. The withdrawing attorney must also, furnish this information to the clerk of court.
(2) If a scheduling order is in' effect, a copy of it must be attached to the motion.
(3) The motion must state whether any conference, hearing, or trial is scheduled, and, if so, its date.
(4) The motion must include a certificate that the withdrawing attorney has complied with paragraph (a) and with Rule 1.16 of the Rules of Professional Conduct, Louisiana State Bar Association, Articles of Incorporation, Art. 16. A copy of the written communication required by paragraph (a) must be attached to the motion.
(d) The court may allow an attorney to withdraw on ex parte motion if:
(1) The attorney has been terminated by the client; or
(2) The attorney has secured the written consent of the client and of all parties or their respective counsel; or
(3) No hearing or trial is scheduled, or the case has been concluded.
(e) If paragraph (d) does not apply, then an attorney may withdraw as counsel of record only after a contradictory hearing and for good cause. All parties and the withdrawing attorney's client must be served with a copy of the motion and rule to show cause why it should not be granted.
If counsel's withdrawal would delay a scheduled hearing or trial, the court will not allow the withdrawal, unless exceptional circumstances exist.
Both AMA and Deckbar were represented by the same counsel. The motion to *1268 withdraw filed by their attorney stated that a conflict of interest had developed between the defendants. The motion further stated that AMA had been notified orally and consented to the withdrawal of counsel, and that Deckbar was notified via certified mail. A copy of the return receipt is not present in the record.
Rule 9:13(d) provides that the trial court may grant the motion to withdraw ex parte, if counsel has been fired, or counsel has obtained written consent of the client and of all parties, or no hearing has been scheduled. In this case, the motion to withdraw does not contend that counsel was terminated by the clients, there is no written consent in the record, and a hearing was set for a mere six days from the filing of the motion. Therefore under Rule 9.13(d), it was error for the trial court to grant the motion to withdraw as counsel of record on an ex parte basis, rather that after a contradictory hearing.
AMA next contends that there was insufficient evidence in the record that AMA received notice of trial and had a reasonable opportunity to secure counsel. The minute entry for the pre-trial conference on the permanent injunction held on August 25, 2006 reflects that the attorney for AMA was present and agreed to try the merits on the date of trial of the permanent injunction. There is nothing in the record to show that the parties were there, and there is nothing in the record to show that notice of the trial date was mailed to the parties themselves.
This issue was considered by the court in Spiers v. Roye, 04-2189 (La.App. 1 Cir. 2/10/06), 927 So.2d 1158. After finding that the trial court improperly granted counsel's motion to withdraw ex parte, the Court said:
When a trial court provides written notice of a trial date to the attorney of record, but the attorney thereafter moves to withdraw as attorney of record, the trial court bears the responsibility of ensuring that the litigant receives notice of the pending trial in writing. [Footnote omitted.] The court can satisfy this notice requirement by reissuing the notice of trial to the unrepresented litigant directly. Otherwise, the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial. If the record demonstrates that a litigant did not receive notice of trial, then he was denied procedural due process and fundamental fairness. [Footnote omitted.]
Id. at 1164-5, citing Davis v. Dunn & Bush Construction, 01-2472 (La.App. 1st Cir.4/9/03), 858 So.2d 451, 453.
There is nothing in the record to show that AMA received written notice of the trial date in the record before us. "[I]f Rule 9.13 is to have any practical force and effect, justice dictates that any judgment rendered at a trial held after its violation is subject to review for possible constitutional invalidity, if actual prejudice results to the client." Spiers, supra at page 1166.
Because the record before us does not reflect that the defendants received adequate notice of trial, we vacate the judgment of the trial court and remand this matter for a new trial.
JUDGMENT VACATED; CASE REMANDED.