GUIDRY, J.
| ¿The defendants in this redhibition suit appeal a judgment rendered against them, alleging that they did not receive legally adequate notice of trial prior to the date of trial and rendition of judgment. For the following reasons, we vacate and remand.
FACTS AND PROCEDURAL HISTORY
On March 25, 2010, Steve D’Aubin purchased a 1998 Prevost XL45 Liberty Recreational Vehicle (“RV”) from Pop’s RV Outlet, Inc., a Texas corporation. The sale of the RV was negotiated by Christian Cecil, a salesman for Pop’s RV Outlet, Inc., and the RV was delivered to Mr. D’Aubin in Baton Rouge, Louisiana, by Mr. Cecil. A couple of days after purchasing the RV, Mr. D’Aubin began noticing defects in the RV. As Mr. D’Aubin continued to discover defects in the RV in the months Immediately following his purchase, he contacted Mr. Cecil, seeking reimbursement from Pop’s RV for expenses he had incurred for various repairs made to the RV; his requests were rejected.
On December 3,' 2010, Mr. D’Aubin filed a petition in redhibition against Mr. Cecil and Pop’s RV, seeking dissolution of the sale and return of the purchase price of the RV. The defendants answered the petition to deny any liability in redhibition, based on the assertion that the RV was sold “as is.” A status conference was held, after which the trial court issued a case management schedule that was signed by counsel for the parties. The case management schedule, dated May 2, 2012, included a statement that “[t]he undersigned attorneys acknowledge receipt of this notice informing them” of various deadlines and scheduling dates set by the trial court, including the date the case was set for bench trial on September 27, 2012, at 10:00 a.m.
Soon after the issuance of the case management schedule, counsel for the defendants filed a motion to withdraw as counsel of record in the case on June 14, |s2012, indicating that his reason for withdrawing was due to the failure of Pop’s RV to respond to discovery that had been propounded by the plaintiff. The trial court granted the motion by an order signed June 25, 2012.
The case proceeded to trial on September 27, 2012; however, neither the defendants nor an attorney representing them appeared at the trial. Thus, the trial was comprised solely of the plaintiffs presentation of evidence in support of his claim, which he amended to request a reduction in the purchase price of the RV rather than dissolution of the sale. The trial court rendered judgment in favor of the plaintiff, awarding him $100,716 as a reduction in purchase price and as general *657 damages for his inconvenience, plus attorney fees, in a judgment signed October 1,2012.
On receiving notice of the judgment, the defendants filed a motion for new trial, asserting that they had no knowledge of the scheduled trial date or that their attorney had withdrawn from representing them in the case. The plaintiff opposed the motion. Following a hearing, the trial court denied the motion for new trial. The defendants filed a motion for devolutive appeal on December 12, 2012, which was granted by the trial court.
RULE TO SHOW CAUSE/TIMELINESS OF APPEAL
On April 16, 2013, this court issued a rule to show cause order, ex proprio motu, questioning the timeliness of the defendants’ appeal, as the defendants’ motion for new trial appeared to have been untimely filed. If no application for new trial is timely filed, then a party only has sixty days following the expiration of the delay for applying for a new trial to seek a devolutive appeal. See La. C.C.P. art. 2087(A)(1); Carter v. C & M Freightliner, LLC, 11-2184, p. 6 (La.App. 1st Cir.8/15/12), 97 So.3d 1191, 1195.
The judgment appealed was signed by the trial court on October 1, 2012. Stamped on the judgment is what appears to be a clerk of court’s certificate ^showing that notice of the court’s judgment[1] was mailed to the parties of record on October 1, 2012, the same date the judgment was signed. Relying on this date, the defendants would have had until October 10, 2012, to timely file a motion for new trial.[2] The defendants’ motion for new trial was filed on October 12, 2012. However, also in the record before us is what appears to be a second clerk of court’s certificate showing that notice of the court’s judgment was mailed to the parties on October 4, 2012. Based on this date, the defendants would have had until October 15, 2012, to file a motion for new trial. Thus, their motion for new trial filed on October 12, 2012, would be timely.
Considering the unexplained issuance of two purported notices of judgment and further considering that appeals are favored in the law and should not be dismissed unless the ground urged for dismissal is free from doubt, we will recall the rule to show cause and maintain the appeal. See Fraternal Order of Police v. City of New Orleans, 02-1801, p. 2 (La.11/8/02), 831 So.2d 897, 899 (per curiam).
TRIAL ON THE MERITS
The primary issue[3] in this appeal is whether the trial court properly conducted a trial on the merits subsequent to granting a motion to withdraw filed by the defendants’ counsel of record. The policy considerations and applicable procedures for allowing a counsel of record to withdraw from representation, as | .^provided in Louisiana District Court Rule 9.13 at the time the actions in dispute occurred,[4] stated, in pertinent part:
*658 Enrolled attorneys have, apart from their own interests, continuing legal and ethical duties to their clients, all adverse parties, and the court. Accordingly, the following requirements govern any motion to withdraw as counsel of record:
(a) The withdrawing attorney who does not have written consent from the client shall make a good faith attempt to notify the client in writing of the withdrawal and of the status of the case on the court’s docket. The attorney shall deliver or mail this notice to the client before filing any motion to withdraw.
(b) If the action or proceeding has been assigned to a particular section or division of the court, then the motion to withdraw shall be submitted to the judge presiding over that section or division.
(c) Any motion to withdraw shall include the following information:
(1) The motion shall state current or last-known street address and mailing address of the withdrawing attorney’s client. The withdrawing attorney shall also furnish this information to the clerk of court.
(2) If a scheduling order is in effect, a copy of it shall be attached to the motion.
(3) The motion shall state whether any conference, hearing, or trial is scheduled and, if so, its date.
(4) The motion shall include a certificate that the withdrawing attorney has complied with paragraph (a) and with Rule 1.16 of the Rules of Professional Conduct, Louisiana State Bar Association, Articles of Incorporation, Art. 16. A copy of the written communication required by paragraph (a) shall be attached to the motion.
(d) The court may allow an attorney to withdraw by ex parte motion if:
(1) The attorney has been terminated by the client; or
(2) The attorney has secured the written consent of the client and of all parties or their respective counsel; or
|,¡(3) No hearing or trial is scheduled; or
(4) The case has been concluded.
(e) If paragraph (d) does not apply, then an attorney may withdraw as counsel of record only after a contradictory hearing and for good cause. All parties and the withdrawing attorney’s client shall be served with a copy of the motion and rule to show cause why it should not be granted.
(f)If counsel’s withdrawal would delay a scheduled hearing or trial, the court will not allow the withdrawal unless exceptional circumstances exist. [Emphasis added.]
Mark Dennis was retained as counsel to represent Pop’s RV and Mr. Cecil in this matter. On June 14, 2012, Mr. Dennis filed a motion to withdraw as counsel of record, alleging the following:
ON MOTION of Mark M. Dennis, Attorney at Law, and on suggesting to the Court that he has heretofore represented Pop’s RV Outlet, Inc. and counsel desires to withdraw from this case for the following reason:
1.
Discovery was propounded upon Pop’s RV Outlet, Inc. on March 6, 2012. Said discovery was forwarded to Pop’s RV Outlet, Inc. on March 7, 2012.
2.
Local counsel for Pops’ RV Outlet, Inc., Joe W. Soward, II, 5529 Pershing Avenue, Fort Worth, Texas 76104, was also made aware of the outstanding dis- *659 eovery and was in contact with Pop’s RV Outlet, Inc. regarding same.
B.
To date discovery responses have still yet to be obtained by Pop’s RV Outlet, Inc. despite the numerous attempts by both counsel.
4.
Mr. Soward has been made aware of the Case Management Schedule on this matter.
5.
Opposing counsel, Leo D’Aubin, has been made aware of counsel’s intent to file the Motion to Withdraw and has voiced no objection to same being granted.
On account thereof, counsel desires to withdraw from this cause.
|7A cursory review of Mr. Dennis’s motion reveals a complete failure to comply with any of the requirements listed under Rule 9.13(c). Moreover, none of the conditions listed under Rule 9.13(d) and (e) existed to allow the trial court discretion to grant Mr. Dennis’s motion ex parte. Nevertheless, on June 25, 2012, the trial court signed an ex parte order permitting Mr. Dennis to withdraw as counsel of record.
The signing of the order allowing Mr. Dennis to withdraw from the case was in clear violation of Rule 9.13(f), which provides that if paragraph (d) does not apply, as it did not in this case, then “an attorney may withdraw as counsel of record only after a contradictory hearing and for good cause. All parties and the withdrawing attorney’s client shall be served with a copy of the motion and rule to show cause why it should not be granted.” (Emphasis added.)
In opposition to the defendants’ motion for new trial, the plaintiff submitted the affidavit of Mr. Dennis, attesting that he sent notice of his motion to withdraw to Mr. Soward, the defendants’ Texas counsel, but this mere notice was insufficient to comply with Rule 9.13. Further, any alleged notice of Mr. Dennis’s withdrawal provided to the defendants by the plaintiff pursuant to the mailing of the proposed pretrial order to the defendants did not remedy the non-compliance with Rule 9.13.[5]
In Wood v. Beard, 268 So.2d 152, 154 (La.App. 3d Cir.1972), the court found that extrajudicial notice cannot substitute for the mailing of notice required by law. In that case, because the party was unrepresented at the time the judgment in the case was signed, the court held that La. C.C.P. art. 1913 required that notice of the signing of the judgment had to be mailed to the unrepresented party by the court. Wood, 268 So.2d at 155. The appellate court specifically found that notice Rmailed to the party’s former counsel of record by the court was insufficient to comply with La. C.C.P. art. 1913. Wood, 268 So.2d at 154. The appellate court additionally found that the subsequent delivery of the notice by former counsel to the party’s new counsel, who was not enrolled as counsel of record until the day after the judgment was signed, was also insufficient to comply with La. C.C.P. art. 1913. Wood, 268 So.2d at 155. Hence, we find the trial court committed legal error in granting Mr. Dennis’s motion to withdraw ex parte. See Lewis v. Lewis, 11-1001, p. 8 (La.App. 1st Cir.8/15/12), 2012 WL 3346411 (unpublished opinion).
Despite the violation of Rule 9.13, our courts, nevertheless, have considered whether an unrepresented party received *660 notice of trial after counsel was allowed to improperly withdraw from the suit. In Spiers v. Roye, 04-2189, p. 3 (La.App. 1st Cir.2/10/06), 927 So.2d 1158, 1164-65 (citing Davis v. Dunn & Bush Construction, 01-2472, p. 3 (La.App. 1st Cir.4/9/03), 858 So.2d 451, 453), this court held:
When a trial court provides written notice of a trial date to the attorney of record, but the attorney thereafter moves to withdraw as attorney of record, the trial court bears the responsibility of ensuring that the litigant receives notice of the pending trial in writing. The court can satisfy this notice requirement by reissuing the notice of trial to the unrepresented litigant directly. Otherwise, the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw a certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial. If the record demonstrates that a litigant did not receive notice of trial, then he was denied procedural due process and fundamental fairness. [Footnotes omitted; emphasis added.]
In this case, it is not asserted that either the trial court or Mr. Dennis notified the defendants in writing of the trial date. However, Mr. Dennis did attest that notice of the trial date was provided to Mr. So-ward, the defendants’ Texas counsel. The notice given to the defendants’ Texas counsel cannot constitute notice to the defendants in this instance.
[9While generally notice to an attorney of record is notice to the client, see Jones v. Rodrigue, 00-0899, p. 10 (La.App. 1st Cir.11/3/00), 771 So.2d 275, 281, it is equally true that the agreement of an attorney to represent a client as to a particular matter does not create an agency relationship as regards other business affairs of the client. Weinstein v. Weinstein, 10-1083, p. 4 (La.App. 3d Cir.4/13/11), 62 So.3d 878, 882; see also Tullier v. Tanson Enterprises. Inc., 359 So.2d 654, 659 (La.App. 1st Cir.1978), rev’d on other grounds, 367 So.2d 773 (La.1979).
In the present matter, the record reveals that Mr. Soward acted as local counsel for the defendants in Texas, and as such, he requested status reports regarding the progress of the subject litigation from Mr. Dennis. We consider this fact alone insufficient to establish that Mr. So-ward represented the defendants in connection with the subject suit or in any way regulated or controlled the scope of representation provided to the defendants. Thus, we hold that Mr. Soward cannot be deemed to have represented the defendants in connection with the subject litigation in this case, such that notice to him would constitute notice to the defendants.
Moreover, actions by an attorney, who is not counsel of record, and notice given to an attorney, who is not counsel of record, has been held to be legally ineffective. For instance, in Stillman v. Board of Supervisors of Southern University and Agricultural and Mechanical College, 07-2107, p. 5 (La.App. 1st Cir.6/6/08), 992 So.2d 523, 526, writ not considered, 08-1557 (La.10/10/08), 993 So.2d 1273, this court held that discovery propounded on behalf of the plaintiffs by an attorney who was not enrolled as counsel of record, as required by Louisiana District Court Rule 9.12, had no effect and did not constitute a step in the |inprosecution of the action for purposes of interrupting the accrual of abandonment under La. C.C.P. art. 561.[6]
*661 Likewise, in Rider v. Priola Construction Corporation, 09-1294, p. 5 (La.App. 3d Cir.4/21/10), 36 So.3d 389, 392, writ denied, 10-1204 (La.9/17/10), 45 So.3d 1052, the court found service of an order of dismissal on an attorney, whom the corporate defendant alleged was not an active member of the bar and no longer provided representation, was not ineffective or improper, as the attorney personally served was the corporate defendant’s duly designated counsel of record. And although counsel for the plaintiff, who effectuated service of the order of dismissal, acknowledged that he knew the corporate defendant had retained new counsel, the appellate court nevertheless held that had the plaintiffs attorney served the newly retained counsel, such service would have been improper, because the new counsel was not counsel of record for the corporate defendant in the litigation.
Accordingly, we hold that notice of the trial date provided to Mr. Soward, the defendants’ Texas counsel who was not counsel of record in the subject lawsuit, falls short of establishing that the client received unequivocal written notice of the trial date. See Davis, 01-2472 at p. 3, 858 So.2d at 453. Furthermore, the mandatory duties placed upon counsel do not relieve trial courts of their affirmative duty of ensuring and verifying that unrepresented parties receive adequate prior notice of trial. Spiers, 04-2189 at p. 12, 927 So.2d at 1165. Therefore, considering the foregoing jurisprudence and the trial court’s failure to ensure compliance with Rule 9.13, we find that justice dictates that this matter be remanded for a new trial. Accordingly, we vacate the October 1, 2012 judgment and remand this matter to the trial court for a new trial on the merits after adequate Innotice is given to the defendants. All costs of this appeal are assessed to the plaintiff, Steve D’Aubin.
JUDGMENT VACATED AND CASE REMANDED; RULE TO SHOW CAUSE RECALLED.

. See La. C.C.P. art. 1913(D).

. See La. C.C.P. art. 1974. In the absence of a timely filed motion for new trial, the defendants would have until December 10, 2012, to seek a devolutive appeal. The defendants' motion for devolutive appeal was filed on December 12, 2012.

. The defendants presented two additional issues for our consideration in this appeal; however, based on our resolution of the first issue, we pretermit consideration of the additional issues raised.

. Rule 9.13 was amended in November 2012, with said amendments being effective January 1, 2013.

. It should be observed that neither the cover letter nor the actual pretrial order that the plaintiff mailed to the defendants mention the date of trial.

. See also Nwokedi v. Transit Management of Southeast Louisiana, Inc., 12-0150 (La.App. *661 4th Cir.5/23/12), 2012 WL 4044906, an unpublished opinion in which the appellate court affirmed a judgment granting an order of abandonment after finding that discovery propounded on an attorney, whom the record on appeal did not show was ever counsel of record for any defendant, did not serve to interrupt the accrual of the period for abandonment.