JOY COSSICH LOBRANO, Judge.
hln this domestic case, Appellant, Francis X. Casey III, seeks review of the district court’s rulings permitting the withdrawal of his attorney over his objection and adopting the “Recommendations of Special Master on Rule to Reduce Child Support Filed by Francis Casey, III and Rule to Determine Credits and Rule to Determine Child Support from April 1, 2013 filed by Deborah Kraft Casey” as the final judgment of the court. For the reasons which follow, the judgment of the district court is affirmed in part and vacated in part.
FACTUAL AND PROCEDURAL BACKGROUND
Deborah and Francis Casey were married January 8, 1983. They separated on-April 3, 2009, and on April 22, 2009, Debo *750 rah Casey (“Ms. Casey”) filed a petition for divorce from Francis Casey III (“Mr. Casey”). The district court issued a judgment of divorce on September 21, 2010. Since the petition for divorce was filed, including after the judgment for divorce, the child support arrangement regarding the parties’ minor child[1] was modified on multiple occasions through consent judgments.
On May 9, 2014, the parties entered into a Consent Judgment which included, inter alia, referral of the Rule to Reduce Child Support filed by Mr. Casey on August 14, 2010,[2] and the Rule to Determine Credits and Rule to Determine Child Support filed by Ms. Casey on October 1, 2013,[3] to a Special Master pursuant to La. R.S. 13:4165 (“Special Master statute”). On May 29, 2015, the attorney for Mr. Casey filed a Motion to Withdraw as Counsel of Record. The motion stated that a hearing before the Special Master was scheduled for June 9, 2015, and that Mr. Casey objected to his attorney’s withdrawal. The district court signed an ex parte order allowing counsel to withdraw.
On June 9, 2015, the Special Master held a hearing which included the parties’ testimony. After weighing the testimony and other evidence, on July 2, 2015, the Special Master provided the parties with a copy of his “Recommendations of Special Master on Rule to Reduce Child Support Filed by Francis Casey, III and Rule to Determine Credits and Rule to Determine Child Support from April 1, 2013 filed by Deborah Kraft Casey” (“Report”). In the cover letter accompanying it, he recited, “I am hesitant to go ahead and file the report with the Court as it may contain confidential information that needs to be filed under seal. Please let me know immediately whether either of you believe the ^report needs to be sealed. If so, I will need someone to prepare a Motion to Seal the Record.” On July 7, 2015, a Joint Motion to Seal the Record was filed by the parties, which the court subsequently denied.
On July 10, 2015, Bernadette Lee enrolled in the matter as the attorney for Mr. Casey. On August 4, 2015, Ms. Casey filed a Rule for Contempt with the clerk of court, requesting personal service of the Rule through Mr. Casey’s attorney, Ms. Lee.[4] On August 12, 2015, the district court signed an order setting the Rule for hearing on August 24, 2015. Included as an exhibit to the Rule for Contempt was the Special Master’s Report.
On August 13,2015 (ten days after counsel for Ms. Casey argues the Special Master’s report was filed), counsel for Ms. Casey e-mailed the Special Master asking whether his recommendation had been filed with the court.
On August 14, 2015, counsel for Ms. Casey filed his first Motion to Adopt Special Master’s Recommendations.[5] In it, he specifically requested that a contradictory *751 hearing on the motion be set on September 15,2015.
On August 20, 2015, counsel for Mr. Casey filed a pleading captioned “Exception of No Cause of Action and Motion to Adopt Special Master Recommendations.” It is clear from a review of the pleading that the caption was intended to be “Exception of No Cause of Action to Motion to Adopt Special Master Recommendations,” and it sought to have Ms. Casey’s Motion to Adopt ^dismissed by the district court. At the same time, counsel for Mr. Casey also filed an Exception of Prematurity and Motion to Compel, contending, inter alia, that Ms. Casey’s contempt motion was premature because it relied upon the Special Master’s report, which had not yet been filed.
Also on August 20, 2015, counsel for Ms. Casey filed a second Motion to Adopt Special Master’s Recommendations, this time requesting ex parte relief. The motion recites that “[p]ursuant to La. R.S. 13:4165(C)(2), undersigned counsel filed the report with the Clerk of Court and served notice upon Mr. Casey, through his counsel, on August 3, 2015. A copy of the pleading evidencing the filing of [the Special Master’s] recommendations with the Clerk of Court and notice being served on opposing counsel ... is attached hereto as Exhibit 1.” Exhibit 1 comprised the cover letter and e-mail dated August 3, 2015, together with the Motion for Contempt, which included the report as Exhibit 3 to the motion.
Also on August 20, 2015, the Special Master sent a letter to counsel for both parties, stating, “Please find attached Recommendations of Special Master ... which was filed with the court on August 13, 2015. This will constitute notice of filing of the report as required by La. R.S. 13-4165.” (Emphasis added.)[6]
On the same date, the district court signed the ex parte order adopting the Report.
At a hearing held on August 24, 2015, the district court ruled that Ms. Casey’s original Motion to Adopt Special Master’s Recommendations was moot, ^because it had already granted the second Motion to Adopt Special Master’s Recommendations on August 20,2015. ,
On August 27, 2015, Mr. Casey filed a Motion for New Trial on the ex parte order adopting the Special Master’s report. On August 28, 2015, Mr. Casey filed an objection to the adoption of the recommendations. On the same day, the district court denied the Motion for New Trial, and on September 9, 2015, the district court entered judgment adopting the Special Master’s Report as the final judgment of the court. The instant appeal followed.
On appeal, Mr. Casey raises two assignments of error: (1) that the district court erred in allowing Mr. Casey’s counsel to withdraw ex parte in violation of Rule 9.13 of the Rules for Civil Proceeding in District Courts, resulting in a violation of his due process fights; and (2) that the district court erred in adopting the Special Master’s Report without complying with the notice requirements of La. R.S. 13:4165(C)(2). We address each in turn.
DISCUSSION

Withdrawal of Mr. Casey’s Attorney

Mr. Casey contends that the district court erred in allowing his attorney to withdraw ex parte, in violation of Rule 9.13 of the Rules for Louisiana District Courts, which resulted in the infringement of his *752 due process rights because he received inadequate notice of the hearing before the Special Master. As this is an assignment of a legal.error, we review the issue de novo. Evans v. Lungrin, 97-0541 (La.2/6/98); 708 So.2d 731, 735.
Rule 9.13 provides in part:
(d) The court may allow an attorney to withdraw by ex parte motion if:
(1) The attorney has been terminated by the client; or
(2) The attorney has secured the written consent of the client and of all parties or their respective counsel; or
(3) A limited appearance, as authorized by Rule 1.2(c) of the Rules of Professional 'Conduct and consented to by the client, has been completed; or
(4) The case has been concluded.
(e) The court may also allow an attorney to withdraw by ex parte motion if no hearing or trial is scheduled.
(f) If paragraph (d) does not apply, then an attorney may withdraw as counsel of record only after a contradictory hearing and for good cause. All parties and the withdrawing attorney’s client shall be served with a copy of the motion and rule to show cause why it should not be granted.
The record in this matter’ reflects that at the time Mr. Casey’s attorney sought to withdraw on May 29, 2015, the hearing on Mr. Casey’s Rule to Reduce Child Support and Ms. Casey’s Rule to Determine Child Support was scheduled for June 9, 2015. The record also reflects that Mr. Casey contemporaneously objected to his attorney’s withdrawal.[7] Accordingly, we find that under Rule 9.13, Mr. Casey was entitled to a contradictory hearing on the motion to withdraw; however, we also find that Mr. Casey was not prejudiced by this error pn the district court’s part.
|7“[I]f Rule 9.13 is to have any practical force and effect, justice dictates that any judgment rendered at a trial held after its violation is subject to review for -possible constitutional invalidity, if actual prejudice results to the client.” Spiers v. Roye, 2004-2189, p. 13 (La.App. 1 Cir. 2/10/06), 927 So.2d 1158, 1166, opinion set aside in part on reh’g on other grounds (5/19/06). Our review of the record demonstrates that Mr. Casey did not suffer any actual prejudice as a result of his attorney’s withdrawal. Mr. Casey contends that he was denied due process because he did not have adequate notice of the hearing on his Rule to Reduce Child Support and Ms. Casey’s Rule to Determine Child Support before the Special Master. However, Mr. Casey’s appearance at the hearing, along with an advisory attorney, belies the argument that he did not have adequate notice of the hearing. Moreover, at the hearing, the Special Master specifically confirmed that Mr. Casey wanted to proceed on his own. The Special Master also asked if .Mr. Casey wanted a continuance, and Mr. Casey stated twice, and unequivocally, • that he did not. The Special Master’s report also reflects that Mr. Casey, an attorney for over thirty years, extensively cross-examined Ms. Casey at the hearing. On this record, we cannot find that Mr. Casey was' actually prejudiced by the district court’s allowing his attorney to withdraw.
*753 We also find that the cases cited by Mr. Casey invalidating a judgment following improper withdrawal of an attorney are distinguishable. Metro Gaming & Amusement Co. v. Deckbar & Grill, L.L.C., 07-546, pp. 3-4 (La.App. 5 Cir. 12/11/07), 972 So.2d 1264, 1266, involved the withdrawal of an attorney six days Rbefore trial and the absence of evidence that the parties received adequate notice of the trial. Thus, the parties did not appear for trial and received unfavorable judgments. In Jackson v. FedEx Corporated Servs., Inc., 2014-1153, pp. 3-4 (La.App. 4 Cir. 4/1/15), 165 So.3d 206, 208, after the improper withdrawal of his attorney, and in the absence of' proof that the unrepresented plaintiff received notice of a summary judgment hearing, summary judgment was granted. The basis for invalidity of the judgment in these cases was lack of notice to the litigants, which (as noted above) is not an issue in the instant case. Mr. Casey was clearly aware of the hearing date, appeared for it with a consulting attorney in an advisory capacity, was offered the option to continue the hearing and declined it, and cross-examined Ms. Casey. Accordingly, we find he did not suffer any prejudice due to the withdrawal of his attorney, and his first assignment of error without merit.

Notice of Filing of Special Master’s Report

The second issue before us concerns the nature of the notice required under the Special Master statute, La. R.S. 13:4165. As a question of statutory construction, our review is de novo. Harrah’s Bossier City Inv. Co., L.L.C. v. Bridges, 2009-1916, p. 9 (La.5/11/10), 41 So.3d 438, 445.
In the case at bar, the district court found that the inclusion of the Special Master Report as an exhibit to a contempt motion filed by Ms. Casey constituted notice of the filing under the Special Master statute. We disagree. As a matter of first impression, we find that the notice requirement included in La. R.S. 13:4165(C)(2) is satisfied when the Special Master files and serves notice of the filing of the Report upon all parties.
“The starting point in the interpretation of any statute is the language of the statute itself.” Theriot v. Midland Risk Ins. Co., 95-2895, p. 3 (La.5/20/97), 694 So.2d 184, 186 (citation omitted). “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature,” La. C.C. art. 9. “When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.” La. C.C. art. 10. “The meaning and intent of a law is determined by considering the law in its entirety and ... placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it.” McLane Southern, Inc. v. Bridges, 2011-1141, p. 6 (La.1/24/12), 84 So.3d 479, 483 (citations omitted). “The statute must, therefore, be applied and interpreted in a manner, which is consistent with logic and the presumed fair purpose and' intention of the Legislature in passing it.” Id.
The Special Mástér statute provides in pertinent part:
A. Pursuant, to the .inherent judicial power of the court and upon its own motion and with thé consent of all parties litigánt, the court may enter an order appointing a special master in any civil action wherein complicated legal" or factual issues are 'presented or wherein exceptional circumstances of the case warrant *754 such appointment. The consent of the parties litigant may be contingent upon any of the following:
[10(1) An estimate of the amount of the compensation of the special master.
(2) The identity of the special master.
(3) The court’s anticipated specifications of the powers of the special master as defined by Subsection B of this Section.
B. The order appointing a special master may specify or limit the master’s powers. Subject to such specifications or limitations, the master has and shall exercise the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties.
C. (1) The court may order the master to prepare a report upon the matters submitted to him and, if in the course of his duties he is required to make findings of facts or conclusions of law, the order may further require that the master include in his report information with respect to such findings or conclusions.
(2) The report shall be filed with the clerk of court and notice of such filing shall be served upon all parties.
(3) Within ten days after being served with notice of the filing of the report, any party may file a written objection thereto. After a contradictory hearing, the court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions. If no timely objection is filed, the court shall adopt the report as submitted, unless clearly erroneous.
La. R.S. 13:4165 (emphasis added).
Reading the statute as a whole, and construing it in a logical manner consistent with its express terms, the provision that “[t]he court may order the master to prepare a report upon the matters submitted to him ...,” followed immediately by the statement that “[t]he report shall be filed with the clerk of court and notice of such filing shall be served upon all parties .... ” clearly implies that the entity preparing the Report — the Special Master — will also file the Report and fyserve it upon the parties.[8]
We consider the inference so unambiguous that our analysis could end here. However, because the language, while unambiguous, is not explicit, out of an abundance of caution, we also consider the legislative history of the provision in question.[9]
Louisiana’s Special Master statute was adopted in 1997 and modeled after the corresponding federal rule, Rule 53 of the Federal Rules of Civil Procedure.[10] Louisiana Senate Committee on Judiciary, Minutes of Meeting of April 18, 1997, House Bill No. 638 by Representative Bruneau, p. 14; see also, Charles S. McCowan, Jr. &
*755 Calvin C. Fayard, Jr., Louisiana Complex Litigation, 80 Tul. L.Rev.1905, 1982 (2006). It authorizes a court, with the consent of the litigants, to refer matters to a Special Master, who may make findings of fact and conclusions of law on the referred matters. La. R.S. 13:4165(A)-(C). Fundamental to both the Louisiana and the federal enactment are guarantees of notice and an opportunity to be heard on the issues referred to the Special Master. La. R.S. 13:4165(C)(2); Fed.R.Civ.P. 53(f).
In cases where our rules are based upon the Federal Rules of Civil Procedure, we can look to that source to help us understand our own rules. Guidry v. State Farm Mut. Auto. Ins. Co., 99-0383, p. 5 (La.App. 3 Cir. 12/8/99), 759 So.2d 95, 97; see also, Highstreet v. Regency Apartment Hotel, 337 So.2d 536, 539 (La.App. 4 Cir.1976) (“Since the source of the discovery articles are, generally, the similar provisions in the Federal Rules of Civil Procedure, we look to them.... ”); State v. Bradford, 367 So.2d 745, 747 (La.1978)(“Because in many respects Arti cle 704 adopts the Standards of the Federal Rules of Criminal Procedure on severance, reference to Federal authorities on the subject is often persuasive.”).
While the Louisiana statute is not explicit as to who should file the Report and execute the required notice of the filing, the federal rule is explicit. At the time our legislature utilized it as a source rule, Federal Rule 53 provided in pertinent part: “The master shall file the report with the clerk of the court and serve on all parties notice of the filing.” Fed.R.Civ.P. 53(e)(1)(West 1997)(modified 2003). Similarly, the current version of Rule 53 requires filing and service by the Master: “A master must report to the court as required by the appointing order. The master must file the report and promptly serve a copy on each party, unless the court orders otherwise.” Fed.R.Civ.P. 53(e). This formulation comports with our interpretation based upon the plain language of the statute as a whole, and it “best conforms to the purpose of the law,” which is to expedite district court proceedings while preserving .the due process rights of the litigants. See La. C.C. art. 10. It also | ^comports with what counsel for Ms. Casey initially understood, given that on August 13, 2015 (ten days after counsel for Ms. Casey now argues the Special Master’s report was filed), counsel for Ms. Casey e-mailed the Special Master asking whether his recommendation had been filed with the court. Moreover, it aligns with the perception of the Special Master himself, who sent a letter on August 20, 2015, to counsel for both parties, stating, “[p]lease find attached Recommendations of Special Master ... which was filed with the court on August 13, 2015. This will constitute notice of filing of the report as required by La. R.S. 13:4165.” (Emphasis added.).
Further, we find no reason to conclude that because our legislature adopted the Special Master statute using the federal rule as a source, but omitted to explicitly designate the Special Master as the filer of the report, that the legislature specifically and purposefully rejected the omitted language.[11] We have carefully reviewed the legislative history of Louisiana’s Special Master statute, including each version of the House Bill from the original to the enrolled bill, the sole floor amendment, and the minutes of the judiciary committee meeting in which it was taken up.[12] Our *756 review indicates , that the explicit designation of who should file and accomplish service was not omitted due to a conscious decision to part ways with the federal rule. The sole amendment to the bill, upon which the legislature | ^specifically sought to differentiate our statute from the federal rule, was on the requirement of the consent-of the parties for’the referral.[13]
Finally, we :address the due process implications of the issues raised herein. In addition to the obvious due process concern arising from the fact that “final judgment cannot be rendered against a party who has not been provided with proper notice,” Jackson, 2014-1153, p. 3, Í65 So.3d at 207 (internal quotations omitted), Louisiana’s Constitution requires that all judges be elected. La. Const. art. 5, § 22(A). “This provision confers on a litigant the corresponding right to have his case decided by an elected judge,” rather than an appointee. Quarles Drilling Corp. v. Gen’l Acc. Ins. Co., 520 So.2d 475, 476 (La.App. 4th Cir.1988). Thus, we must proceed with caution when disposi-tive matters are referred to a non-judicial appointee.[14] Nevertheless, courts of this state have held that a litigant’s statutory and due process rights are not violated by a district court’s use of a Special Master when the litigant has ample opportunity to participate in the procedure provided by La. R.S. 13:4165. Hawk Field Servs., L.L.C. v. Mid Am. Underground, L.L.C., 47,078, p. 3 (La.App. 2 Cir. 5/16/12), 94 So.3d 136, 139 (finding no due process violation when the litigant was given an opportunity to review the Special Master’s preliminary report, subsequently provide the Special Master with additional information and arguments, file a written objection, and |1fiappear, argue, and present additional evidence at a contradictory hearing before the district court judge). Accordingly, due process must always be a touchstone consideration in interpreting the Special Master statute. We find that construing La, R.S. 13:4165(C)(2) to require the Special Master to file his Report and serve notice of the filing is most consistent with that aim. In contrast, to adopt a construction of the statute permitting , the Report to be submitted by an interested party, buried as an exhibit in a separate pleading, and without a specific recitation that the Report has beeii' filed, that statutory notice has been accomplished, ánd that the ten-day objection period has begun to rim, is not consistent with that'aim. Therefore, we find that in the case at bar, the statutory notice required by La. R.S. 13:4165(C)(2) was satisfied by the Special Master’s letter dated August 20, 2015, which recited “[pjlease find attached Recommendations of Special Master ... which was filed" with the court on August 13, 2015. This will constitute notice of filing of the report as required by La. R.S. 13:4165.” The objections filéd by Mr. Casey on August 28, 2015 were therefore timely under La. R.S. 13:4165(C)(3).
Accordingly, for all of the foregoing reasons, the June 1, 2015 order of the district court allowing the withdrawal of Mr. Casey’s attorney is affirmed; the September 9, 2015 judgment of the ' district court adopting the Special Master’s Report as *757 the judgment of the court is vacated, and this matter is hereby remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; VACATED IN PART; REMANDED

. At the time the instant appeal was lodged, there was one minor child of the marriage.

. While this Rule is referred to in the referral order and elsewhere as having been filed on August 14, 2010, the record reflects that it was actually filed on August 31, 2010.

. The record on appeal contains no Rule to Determine Credits filed on October 1, 2013; however, on October 8, 2013, Ms. Casey moved to re-set for hearing the issue of any and all credits due. Despite the confusion in the record, the parties and the Special Master appear to have all been in agreement as to which issues were specifically referred to him.

. Counsel for Ms. Casey also e-mailed a copy of the Rule to Ms. Lee on August 3, 2015,

. The motion is not part of the record but was attached as an Exhibit to Ms. Casey’s appellate brief.

. The record on appeal contains no August 13, 2015 filing of the report; the only copy provided is that included as Exhibit 3 to Ms. Casey’s Motion for Contempt.

. In her brief, Ms. Casey suggests that Mr. Casey did not preserve this issue for review, because Mr. Casey did not "take any .action regarding withdrawal of his former attorney in the district court and the issue was raised for the first time on appeal. To the contrary, his attorney’s motion clearly states Mr. Casey's contemporaneous objection to his attorney’s withdrawal. An additional formal exception to the order is unnecessary. La.Code Civ. Pro. art. 1635.;

.As a practical matter, we note that as the author of the Report, the Special Master, is in the best position to file it, and quite possibly the only person with the capacity to file it in its final form. While in the present case the copy of the Report attached to Ms. Casey’s contempt motion was apparently final, it is entirely feasible that a Special Master could provide attorneys a draft Report for review and comment. If the attorneys were permitted to make the official filing, an unfinalized draft could make its way into the record.

. ''[W]hen a statute contains latent ambiguities despite superficial clarity, an appellate court may turn to the statute’s legislative history for guidance.” State, Dept. of Soc. Servs. v. Parker, 595 So.2d 815, 817 (La.App. 2 Cir.1992) (citations omitted).

. The federal rule refers to a "Master,” the Louisiana .provision to a "Special Master.” Fed.R.Civ.P. 53; La. R.S. 13:4165.

. But see Simmesport State Bank v. Scallan, 134 So.2d 391, 393 (La.App. 3 Cir.1961).

. H.B. 638, Reg. Sess. (1997); Louisiana Senate Committee pn Judiciary, Minutes of *756 Meeting of April 18, 1997, House Bill No. 638 by Representative Bruneau,

. While the federal rule permits referral to a Master in certain instances without the consent of the parties, Fed. R. Civ, Pro. 53(a)(1)(B), the Louisiana legislature specifically amended its Special Master statute to require “the consent of all partiés litigant” for referral to a Special Master. La. R.S. 13:4165(A).

. This likely was the impetus for our legislature's insistence that referral 'under La. R.S. 13:4165 could only take place with the consent of the parties.