| | | |
|---|---|---|
| **INSULATION TECHNOLOGIES, INC.** | * | **NO. 2020-CA-0263** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **INDUSTRIAL LABOR AND EQUIPMENT SERVICES, INC.** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 58-672, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano)

Daniel A. Ranson
Michael D. Peytavin
John J. Danna, Jr.
GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.
401 Whitney Avenue, Suite 500
Gretna, LA 70056

      COUNSEL FOR PLAINTIFF/APPELLEE

Yvette A. D'Aunoy
Brett M. Dupuy
Tracy Robinson
MIDDLEBERG RIDDLE GROUP
909 Poydras Street, Suite 1400
New Orleans, LA 70112

      COUNSEL FOR DEFENDANTS/APPELLANTS

**VACATED AND REMANDED**

**MARCH 24, 2021**

In this contract dispute, defendants/appellants, Industrial Labor and Equipment Services, Inc., J and D Equipment Leasing L.L.C., Joseph's Holdings, L.L.C., and Industrial Labor and Equipment Services of Oklahoma, L.L.C. (collectively, "Defendants"), appeal the October 8, 2019 judgment of the district court, which awarded damages, statutory penalties, attorney's fees, and interest to plaintiff/appellant, Insulation Technologies, Inc. ("Insultech"). Finding that Defendants were not provided sufficient notice of trial, for the reasons that follow, we vacate the judgment and remand for further proceedings.

This litigation arises from a Master Service Agreement between Insultech and Industrial Labor and Equipment Services, Inc. ("ILES"), whereby Insultech, as subcontractor, agreed to supply certain labor, materials, and equipment for use by ILES, as contractor, in performance of ILES' duties under a contract between ILES and BP America Production Co., Inc. and BP Exploration and Production, Inc. regarding the BP Oil Response Project MC252. Insultech alleged that ILES failed to make payments due under the Master Service Agreement. The underlying

1

dispute is discussed in this Court's prior opinion in *Insulation Techs., Inc. v. Indus. Labor & Equip. Servs., Inc.*, 13-0194 (La. App. 4 Cir. 8/14/13), 122 So.3d 1146.

Insultech subsequently amended its petition to add claims against the Defendants and their alleged member/manager, Joseph D. Futch ("Futch").[1] In the amended petition, Insultech alleged that Defendants operated as a single business enterprise and were liable *in solido* to Insultech for the unpaid balance, contractual interest, penalties, and attorney's fees. On February 12, 2019, the parties, through counsel, participated in a status conference with the district court where a trial date of October 7, 2019 was selected. All participating counsel[2] received notice of trial.

Thereafter, on April 4, 2019, counsel of record for Defendants ("Defense Counsel") filed an *ex parte* motion to withdraw from representation.[3] Defense Counsel attached to their motion a certificate, representing that they:

> … complied with Local Rule 9.13(a) and Article 16, Rule 1.16 of the rules of Professional Conduct and have notified defendant Industrial Labor and Equipment Services, Inc. in writing on March 26, 2019 of the intent of [Defense Counsel] to withdraw and of the status of the case on the Court's docket.

Defense Counsel did not attach any certificate concerning their notification of the other Defendants or attach as exhibits to their motion any written communication to their former clients.

---

[1] The amended petition likewise added claims against additional defendants, ASG, L.L.C., Kajun Construction Services, L.L.C., and JDL Investments, L.L.C., but these entities were not cast in judgment on October 8, 2019, and these entities have not appealed.

[2] A dispute exists as to whether Futch received notice of trial. As he was not served with the notice of judgment, he has not appealed, and adequacy of Futch's notice of trial is beyond the scope of this appeal.

[3] In their motion, Defense Counsel also requested to withdraw as counsel for Kajun Construction Services, L.L.C. (a party not cast in judgment herein) and Futch.

The district court granted Defense Counsel's motion on April 18, 2019. No contradictory hearing was held on the motion to withdraw, and the district court did not reissue written notice of trial directly to Defendants.

Trial went forward on October 7, 2019, and Defendants did not appear for trial. On October 8, 2019, the district court rendered judgment in favor of Insultech and against Defendants and Futch, *in solido*, "in the amount of $2,594,568.00, together with interest at a rate of 1.5% per month from April 13, 2011 until paid and statutory penalties of $389,185.20, attorney's fees of $65,000.00, and all taxable costs of court with legal interest from date of judgment." This appeal followed.

The narrow issue we must address is whether Defendants were provided with adequate notice of trial.[4] "[I]t is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with proper notice." *Miller v. Crescent City Health Care Ctr.*, 11-0403, p. 4 (La. App. 4 Cir. 11/9/11), 78 So.3d 219, 221 (quoting *Chaney v. Coastal Cargo, Inc.*, 98-1902,

---

[4] Defendants set forth six assignments of error as follows:

1. The Trial Court Violated the Appellant Companies' Due Process Rights When the Court Proceeded to Trial After Allowing the Attorneys to Withdraw in Violation of District Court Rule 9.13.
2. The Trial Court Erred by Allowing the Trial To Proceed When An Integral Party Had Not Been Joined And That Party's Counsel Of Record Was Not Even Provided Trial Notice.
3. The Trial Court Erred in Finding Appellants J & D Equipment, Joseph's Holdings, and ILES of OK Liable *In Solido* with ILES
4. The Trial Court Erred by Denying Appellants' Exception of No Cause of Action.
5. The Trial Court Erred in Awarding Penalties.
6. The Trial Court Erred in its Award of Interest.

As the first assignment is dispositive, we pretermit consideration of Defendants' remaining arguments.

p. 4 (La. App. 4 Cir. 1/20/99), 730 So.2d 971, 973). Moreover, "[p]rocedural due process requires an opportunity to be heard," and "adequate notice of the hearing is fundamental." *Miller*, 11-0403, pp. 3-4, 78 So.3d at 221 (citations omitted).

Defendants argue that they were deprived of due process because the district court: (1) improperly allowed Defense Counsel to withdraw *ex parte*; and (2) failed to issue written notice of trial directly to Defendants after Defense Counsel withdrew from representation. Ordinarily, "[t]he question of withdrawal of counsel largely rests with the discretion of the trial court, and its ruling will not be disturbed in the absence of a clear showing of abuse of discretion." *Two Canal St. Inv'rs, Inc. v. New Orleans Bldg. Corp.*, 16-1306, p. 4 (La. App. 4 Cir. 2/15/17), 212 So.3d 611, 615. However, when a litigant argues that *ex parte* withdrawal of counsel infringed upon his due process rights and resulted in inadequate notice of trial, this is an assignment of legal error, which is subject to *de novo* review. *Casey v. Casey*, 15-1269, p. 5 (La. App. 4 Cir. 6/29/16), 196 So.3d 748, 752.

In resolving questions of proper notice where counsel withdraws, Louisiana courts look to Rule 9.13 of the Rules of Louisiana District Courts. *See Jackson v. FedEx Corporated Servs., Inc.*, 14-1153, pp. 5-6 (La. App. 4 Cir. 4/1/15), 165 So.3d 206, 209; *D'Aubin v. Pop's RV Outlet, Inc.*, 13-0249, pp. 7-8 (La. App. 1 Cir. 2/7/14), 138 So.3d 655, 659; *Metro Gaming & Amusement Co. v. Deckbar & Grill, L.L.C.*, 07-0546, p. 7 (La. App. 5 Cir. 12/11/07), 972 So.2d 1264, 1268. Under Rule 9.13(a), "[t]he withdrawing attorney who does not have written

4

consent from the client shall make a good faith attempt to notify the client in writing of the withdrawal and of the status of the case on the court's docket."

Rule 9.13(c) likewise provides, in pertinent part:

(c) Any motion to withdraw shall include the following information:
…
(2) If a scheduling order is in effect, a copy of it shall be attached to the motion.

(3) The motion shall state whether any conference, hearing, or trial is scheduled and, if so, its date.

(4) The motion shall include a certificate that the withdrawing attorney has complied with paragraph (a) and with Rule 1.16 of the Rules of Professional Conduct, Louisiana State Bar Association, Articles of Incorporation, Art. 16. A copy of the written communication required by paragraph (a) shall be attached to the motion.

Additionally, under Rule 9.13(d), the district court may permit an attorney to withdraw by *ex parte* motion only under the following circumstances:

(1) The attorney has been terminated by the client; or

(2) The attorney has secured the written consent of the client and of all parties or their respective counsel; or

(3) A limited appearance, as authorized by Rule 1.2(c) of the Rules of Professional Conduct and consented to by the client, has been completed, or

(4) The case has been concluded.

Pursuant to Rule 9.13(e), the district court "may also allow an attorney to withdraw by ex parte motion if no hearing or trial is scheduled." Otherwise, Rule 9.13(f) specifies:

If paragraph (d) does not apply, then an attorney may withdraw as counsel of record only after a contradictory hearing and for good cause. All parties and the withdrawing attorney's client shall be

served with a copy of the motion and rule to show cause why it should not be granted.

Here, Defense Counsel filed an *ex parte* motion to withdraw after the status conference where the trial date was set. However, the record reflects no exhibits filed in support of the *ex parte* motion to withdraw. While Defense Counsel appended a certificate as contemplated in Rule 9.13(c)(4), representing that they notified only ILES of the status of the case on the court's docket, that certificate does not establish notification to any other Defendants, and no written communication is attached as an exhibit to the *ex parte* motion. The record shows no indication that any elements of paragraph (d) were met: Defendants did not terminate representation, Defendants' written consent was not obtained, representation was not a limited appearance, and the case was not concluded. Paragraph (e) also does not apply because trial was scheduled. In the absence of the aforementioned factors, paragraph (f) applies, and counsel of record may only withdraw "after a contradictory hearing and for good cause." La. Dist. Ct. Rules, Rule 9.13(f). We therefore find that the district court erred in failing to set the motion to withdraw for contradictory hearing.

While Insultech contends that notice of trial through Defense Counsel was sufficient, the record does not support such an argument. When an attorney moves to withdraw and the district court does not reissue notice of trial to the unrepresented litigant directly:

> … the court must receive reasonable proof that the withdrawing attorney has notified the client in writing of the trial date. This can be accomplished by attaching to the motion to withdraw a certified letter to the client or other evidence indicating the client has received

> unequivocal written notice of trial. If the record demonstrates that a litigant did not receive notice of trial, then he was denied procedural due process and fundamental fairness.

*Chef Menteur Land Co. v. Sandrock*, 11-0497, p. 9 (La. App. 4 Cir. 10/19/11), 78 So.3d 146, 151 (quoting *Davis v. Dunn & Bush Const.*, 01-2472, pp. 3-4 (La. App. 1 Cir. 4/9/03), 858 So.2d 451, 453 (footnotes omitted)). *See also D'Aubin*, 13-0249, p. 8, 138 So.3d at 660; *Metro Gaming*, 07-0546, p. 7, 972 So.2d at 1268.

Insultech argues that the withdrawing attorney's Rule 9.13(c)(4) certification that they notified ILES of the trial date is "other evidence indicating the client has received unequivocal written notice of trial." We find no law of this State accepting such a position. While the record contains a copy of an email from Defense Counsel to Futch regarding withdrawal of representation and the trial date, this email was attached only to a motion for judgment debtor rule filed **after trial**. Nowhere does the record show that such email was before the district court in support of Defense Counsel's motion to withdraw or that Defendants unequivocally received the email.

"[I]f Rule 9.13 is to have any practical force and effect, justice dictates that any judgment rendered at a trial held after its violation is subject to review for possible constitutional invalidity, if actual prejudice results to the client." *Casey*, 15-1269, p. 7, 196 So.3d at 752 (quoting *Spiers v. Roye*, 04-2189, p. 13 (La. App. 1 Cir. 2/10/06), 927 So.2d 1158, 1166, *opinion set aside in part on reh'g on other grounds* (5/19/06)); *Metro Gaming*, 07-0546, p. 7, 972 So.2d at 1268. Considering that trial went forward, no one appeared at trial on Defendants' behalf, and

judgment exceeding $3 million was rendered against them *in solido*, we find actual prejudice resulted to Defendants.[5]

Accordingly, as the record lacks evidence that Defendants received unequivocal notice of trial, the district court erred in proceeding to trial and casting Defendants in judgment.

Thus, for these reasons discussed herein, we vacate the judgment of the district court and remand for further proceedings so that Defendants may receive proper notice in compliance with their due process rights.

**VACATED AND REMANDED**

---

[5] *Contrast Casey*, 15-1269, p. 7, 196 So.3d at 752 (finding husband not prejudiced by district court's failure to hold Rule 9.13(f) contradictory hearing where husband contemporaneously objected to attorney's withdrawal then appeared at child support hearing representing himself along with advisory attorney, then stated that he did not want a continuance).