h CARAWAY, Judge.
This appeal is the sequel to the parties’ initial action reported as Woodward v. Steed, 28,676 (La.App. 2d Cir. 9/25/96), 680 So.2d 1320. In that case, Peter Steed (“Steed”) and his wife, Kathryn, were ordered to account to C.K. Woodward because of Steed’s breach of his fiduciary duty while acting as Woodward’s agent. Upon remand, the parties narrowed the dispute to two minor items of cost claimed by Steed in the two sales of the property which resulted in Woodward’s tract being acquired as the site of the Horseshoe Casino in Bossier City. The trial court credited those costs in favor of Steed thereby reducing Woodward’s recovery. Woodward now appeals, and we affirm in part and reverse in part.

Facts

Upon remand of the case, the parties’ apparently agreed to the amount of $160,000 as the difference between the price that Steed paid to Woodward for property and the price that Horseshoe in turn paid Steed for the purchase of the river front site. In a preliminary ruling by the court, the $160,000 was recognized as Woodward’s recovery less certain funds which Steed deposited into the registry of the court and which remained in dispute by the parties. These disputed funds represent two costs expended by Steed in the transactions by. which Woodward’s property became owned by Horseshoe.
The first item of cost claimed by Steed is $5,000 in interest expense. Steed borrowed $75,000 to purchase the property from Woodward and paid $5,000 in interest for eight months before selling the tract to Horseshoe.
The second item of cost as $500 which Steed paid to one of the tenants on the tract. The tenant was induced by the payment to end his lease two months early so that Horseshoe could acquire the property and commence its construction.
*631 |2The trial court awarded Steed these two items of cost totaling $5,500, and Woodward appeals the lowering of his recovery by such amount. Citing two early cases, Young v. Jackson, 37 La. Ann 810 (La.1885), and Hobson v. Peake, 44 La. Ann. 383, 10 So. 762 (La.1892), Woodward contends that an agent cannot offset from the funds of his principal any amounts due to him unless by agreement or for necessary disbursements, expenses and costs, or expenses necessary to the preservation of the thing, such as taxes. The $5,000 interest expense and the $500 payment to the tenant, argues Woodward, were Steed’s own responsibility.

Discussion

The breach of a fiduciary duty entitles one to the recovery of the damages. Noe v. Roussel, 310 So.2d 806 (La.1975). Under La. C.C. art.1995, damages are measured by the loss sustained by the party owed the fiduciary duty and “the profit of which he has been deprived.”
Because of Steed’s actions in buying Woodward’s property without disclosing the Horseshoe prospect, Woodward was damaged. While the profit Steed realized by the sale price differential of the two transactions is one measure indicating Woodward’s loss, a more accurate appraisal of the damages is the difference in the sales price Woodward received and the true value of the land on the date of that sale. See Noe v. Roussel, supra. That measure would restore to Woodward “the profit which he has been deprived” regardless of whether Steed resold the property for its full market, value.[1] The focus of Article 1995’s measure of damages is on the profit “deprived” from Woodward, not Steed’s actual gain.
13With this understanding of the measure of damages, we cannot assess Woodward for Steed’s personal interest cost expended to finance his transaction with Woodward. That transaction lay at the center of Steed’s breach of his fiduciary duty and should have been avoided altogether. The sale would never have occurred and the interest never expended, but for Steed’s withholding from Woodward of the information regarding Horseshoe’s interest in the tract. The trial court’s award of the $5,000 to Steed was in error.
The same analysis does not apply to Steed’s expenditure of $500 in settlement with the tenant. This transaction helped facilitate and ensure the sale to Horseshoe, which was the source of the enhanced value of the property. Even the agent who has breached his duty to the principal may recover expenses necessary to the preservation of the thing and for its useful improvements, to the extent that such expenses enhance the válue of the property. Hobson v. Peake, supra. Hence, the trial court correctly offset this amount.
Therefore, for the reasons stated herein-above, that part of the judgment of the trial court allowing Steed to offset the $5000 interest on the money he borrowed to purchase Woodward’s property is reversed. The portion of the judgment allowing Steed to offset the $500 he paid to a tenant to facilitate the sale of the property to Horseshoe is affirmed. In all other respects, the judgment is affirmed. Both parties are cast equally for costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. In Robinson v. Thomson, 212 La. 186, 31 So.2d 734 (1947), an agent/co-shareholder sold the principal’s shares of stock for a lesser price than the price he simultaneously received from his own shares. The agent was ordered to account to the principal for the loss on her shares based upon the higher price received in the sale of the agent's shares.