PER CURIAME.*
_JjAt issue in this case is whether the court of appeal erred in finding there are genuine issues of material fact precluding summary judgment on plaintiffs invasion of privacy claim. For the reasons that follow, we conclude defendant is entitled to judgment as a matter of law, and therefore reverse the judgment of the court of appeal.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Plaintiff, Frank Tate, was employed by defendant, Woman’s Hospital Foundation d/b/a Woman’s Hospital, in its maintenance department. In 2006, one of plaintiffs coworkers reported to a supervisor that someone “put urine in his toolbox.” Defendant commenced an investigation into the incident. When no one admitted responsibility, defendant instructed all of the maintenance department employees to submit to DNA testing, and advised that their employment would be terminated if they declined to provide samples (in the form of saliva swabs) for the DNA testing.
Plaintiff informed defendant he was not responsible for the incident, and that he opposed the DNA testing. Nonetheless, plaintiff ultimately signed a DNA [ ^collection and analysis authorization form, although he included the handwritten notation: “Protest. I [think] this DNA testing is illegal.”[1]
*197 Defendant retained ReliaGene Technologies, Inc. (“ReliaGene”) to perform the testing. Plaintiffs DNA sample swab was returned to him. However, according to plaintiff, ReliaGene retained an electronic copy of plaintiffs DNA profile in its computer database, along with a paper copy for accreditation purposes.
After the completion of testing, defendant sent an e-mail update to the maintenance department employees to inform them that the investigation’s findings were inconclusive. As a result, defendant ended the investigation, and no further action was taken.
Several months later, plaintiff filed the instant suit against defendant, alleging in his petition causes of action for intentional infliction of emotional distress, defamation, abuse of rights, and invasion of privacy.
| ^Defendant moved for summary judgment. After a hearing, the district court granted summary judgment in favor of defendant, and dismissed plaintiffs suit with prejudice.
Plaintiff appealed. A divided five-judge panel of the court of appeal affirmed in part and reversed in part. Tate v. Woman’s Foundation d/b/a Woman’s Hospital, 08-2577 (La.App. 1 Cir. 1/29/10), 30 So.3d 283. The. court found no error in the judgment of the district court dismissing plaintiffs claims for intentional infliction of emotional distress, defamation, and abuse of rights. However, a majority of the court reversed the district court’s judgment with regard to plaintiffs invasion of privacy claim, concluding there was a genuine issue of material fact as to whether plaintiffs consent to DNA testing was vitiated by the duress as a result of the threat of losing his job if he did not submit a DNA sample. One judge dissented, finding plaintiff was unable to produce factual support sufficient to establish he would be able to satisfy the evidentiary burden of proof on his invasion of privacy claim at trial.
Upon defendant’s application, we granted certiorari to determine the correctness of the court of appeal’s judgment. Tate v. Woman’s Hospital Foundation d/b/a Woman’s Hospital, 10-0425 (La.5/7/10), 34 So.3d 852. The sole issue presented for our consideration is whether defendant is entitled to summary judgment on plaintiffs claim for invasion of privacy.[2]
DISCUSSION
The tort of invasion of privacy is directed at redressing the damage which an individual suffers when legally recognized elements of his right to privacy have been ^violated. Gorman v. Swaggart, 524 So.2d 915, 920 (La.App. 4 Cir.1988). The right to privacy is defined in Louisiana as “the right to be let alone.” Pack v. Wise, 155 So.2d 909, 913 (La.App. 3rd Cir.1963), writ denied, 245 La. 84, 157 So.2d 231 (1963). A tort of invasion of privacy can occur in four ways: (1) by appropriating an individual’s name or likeness; (2) by unreasonably intruding on physical solitude or seclusion; (3) by giving publicity which unreasonably places a person in a false light before the public; and (4) by unreasonable public disclosure of embarrassing private facts. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979).
In the instant case, defendant argues no unreasonable intrusion on plaintiffs privacy occurred, because it is undis *198 puted that plaintiff voluntarily consented to the taking of his DNA. Courts have held that when a person consents to the release of information, there is no invasion of privacy. See Adams v. Kaiser Aluminum, 96-429 (La.App. 5 Cir. 11/14/96), 685 So.2d 269 (holding a release of information relating to plaintiffs rehabilitation did not constitute an invasion of privacy because plaintiff specifically authorized the release of the information); see also State v. Furino, 451 So.2d 1139, 1141 (La.App. 3rd Cir.5/16/84), writ denied, 456 So.2d 1017 (La.1984) (“[a] person who consents to a search clearly could not be heard to complain of the violation of his privacy”).
Although plaintiff does not dispute he signed the form consenting to provide the DNA sample, he argues his consent to the testing was vitiated by duress. In particular, he asserts he did not freely give his consent, because defendant threatened to terminate his employment if he refused.
In In re J.M.P., 528 So.2d 1002, 1008 (La.1988), we explained that consent may be vitiated “when it has been obtained by duress of such a nature as to cause a reasonable fear of unjust and considerable injury to a party’s person, property, or | ¡¡reputation.” However, La. Civ.Code art. 1962 provides “[a] threat of doing a lawful act or a threat of exercising a right does not constitute duress.” Relying on that article, the jurisprudence has uniformly held the threat of being discharged from at-will employment does not constitute duress. See Cellular One, Inc. v. Boyd, 94-1783 (La.App. 1 Cir. 3/3/95), 653 So.2d 30, 34-35, writ denied, 95-1367 (La.9/15/95), 660 So.2d 449; Allied Bruce Terminix Company, Inc. v. Guillory, 94-319 (La.App. 3rd Cir.11/2/94), 649 So.2d 652; Litigation Reprographics and Support Services, Inc. v. Scott, 599 So.2d 922, 923 (La.App. 4th Cir.1992).
Plaintiff does not dispute he is an at-will employee for purposes of La. Civ. Code art. 2747, and that he could be terminated for any reason at defendant’s discretion. Thus, the mere threat of termination, an act which defendant had a legal right to do, cannot constitute duress.[3]
Plaintiff next argues his consent was obtained through misrepresentation. Specifically, he asserts the defendant misled him, because the consent form promised all remnants of his DNA sample would be returned; however, his DNA/genetic record has not been fully returned or destroyed.
Consent may be vitiated by fraud. La. Civ.Code art. 1948. Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Shelton v. Standard/700 Associates, 01-0587 (La.10/16/01), 798 So.2d 60.
| (iThe consent form signed by plaintiff provides, “the sample I provide will be *199 returned to me and any artifacts created in the analysis process will be destroyed.” It is undisputed the DNA sample was returned to plaintiff. However, plaintiff asserts the term “artifacts” refers to the electronic and paper copies of his DNA profile, which he claims were not destroyed.
Defendant presented the deposition of its vice-president of human resources, Stanley Shelton, who testified he “never said to anybody, ever, that the DNA profile would be destroyed.”
Dr. Megan D. Shaffer of ReliaGene testified the company retained electronic and paper copies of the DNA testing, which she referred to as “amplified products” of the testing procedure, for accreditation purposes. However, she testified the person who requests the sample was not told these copies would be retained:
Q: What is told to the person who requests DNA samples as far as what’s going to happen to those samples once testing is finished?
A: The larger majority of the customers are usually crime labs and police departments and that sort of thing so they are aware of what’s going to happen and they generally don’t ask. But if someone asks we tell them that extracts are returned and amplified product is destroyed.[4]
Based on this evidence, we conclude plaintiff is unable to establish defendant made any misrepresentations to plaintiff with the intention either to obtain an unjust advantage for itself or to cause a loss or inconvenience to plaintiff. Therefore, plaintiffs consent was not vitiated pursuant to La. Civ.Code art. 1948.
In summary, we find plaintiffs consent to the DNA testing was not vitiated. Because he consented to the testing, he is unable to establish an invasion of privacy |7as a matter of law. Therefore, the district court correctly granted summary judgment in favor of defendant on plaintiffs invasion of privacy claim, and the court of appeal erred in reversing that judgment.
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it denies defendant’s motion for summary judgment on plaintiffs claim for invasion of privacy. The judgment of the district court granting summary judgment on this claim is reinstated, and plaintiffs suit is dismissed with prejudice. All costs in this court are assessed against plaintiff.

 Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.

. The DNA collections and analysis authorization form provided, in pertinent part:
Woman's Hospital has requested that I allow Buccal swabbing of the inside of my cheek(s) in order to collect a DNA sample that will be analyzed by ReliaGene Technologies in relation to an investigation of vandalism of a Maintenance employee's toolbox.
Woman's Hospital has assured me that my DNA sample will not be used for any purpose. other than what is stated above, that ReliaGene will never know my identity, that the sample I provide will be returned to me and any artifacts created in the analysis process will be destroyed and I will be advised of that destruction, and that Relia-Gene will not share my DNA profile or release the results of their analysis with any local, state, federal or international agency, or any entity or individual other than Stan Shelton at Woman’s Hospital.
By my signature below, I acknowledge the above and grant permission for the Buccal swabbing of the inside of my cheek(s) and the DNA analysis of that biological sample as part of the investigation of the vandalism of a Maintenance employee's toolbox. My signature does not mean that I agree in principle with the testing, it simply means that I understand the above and am willing to cooperate with the investigation.
Plaintiff struck through the word "willing,” and wrote the word "forced” below it.

. As discussed earlier, the court of appeal affirmed the judgment of the district court dismissing plaintiff's claims for intentional infliction of emotional distress, defamation, and abuse of rights. Plaintiff did not seek review of this judgment. Therefore, the portion of the court of appeal's judgment dismissing these claims is now final.

. Plaintiff also argues defendant violated La. R.S. 23:368, because it required or collected protected genetic information from an employee. We see no merit to this argument. La. R.S. 23:368 is contained in Part VII, Chapter 3-A of Title 23 of the Revised Statutes. Chapter 3-A is entitled “Prohibited Discrimination Employment,” and Part VII is entitled “Genetic Information and Privacy.” Senator Hines, the author of the bill which became La. R.S. 23:368, explained its purpose was to "prevent discrimination in employment of an individual based on the results of genetic testing.” Considering the context of the statute and its legislative history, we conclude La. R.S. 23:368 was intended to prohibit an employer from using genetic information for discriminatory purposes, but was not intended to create a general prohibition of the use of genetic testing by an employee in a non-discriminatory context. Therefore, La. R.S. 23:368 is inapplicable under the facts of the instant case.

. Deposition of Dr. Megan Shaffer at p. 19 [emphasis added].