Judge Tem F. Love
| ]This appeal arises from plaintiffs class action petition, which sought damages from defendant for disclosing his personal identity information and the information of other “similarly situated employees” to an unknown third party. Plaintiff claimed that anxiety about his identity possibly being stolen and two unrecognized credit checks were injurious. Defendant filed exceptions of no right of action and no cause of action, which the trial court granted. The trial court found that the harm allegedly suffered by plaintiff was speculative in nature; therefore, he possessed no right of action. Further, as the element of damages was lacking, he did not have a cause of action. Plaintiff appealed.
We find that the trial court correctly granted the defendant’s exception of no right of action because only speculative future harm was alleged. The trial court also did not err by maintaining the defendant’s exception of no cause of action, as the plaintiff lacked elements needed for each theory of recovery. The judgment of the trial court is affirmed.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Walter Bradix, IV was employed by Advance Stores Company, Inc. d/b/a Advance Auto Parts (“Advance”). In March 2016, Mr. Bradix received a letter ^notifying him of a data breach of the employee information to an unauthorized third party. The information included employees’ names, social security numbers, 2015 gross wages, and the state where each employee paid income tax. Advance advised the former and current employees affected to review the information contained in the letter and remain vigilant. Additionally, Advance provided free identity protection services for two years.
Mr. Bradix noticed two “as-yet unidentified inquiries on his consumer credit monitoring” and suffered anxiety worrying about a third party stealing his identity. As a result, Mr. Bradix filed a Class Action Petition and Demand for Jury Trial (“Petition”) against Advance for himself and “similarly situated employees.” The Petition alleged that Advance: 1) was negligent by permitting the information to be stolen, 2) was grossly negligent in the handling of the information, 3) breached its *527 fiduciary duties, and 4) was liable for an invasion of privacy.
Mr. Bradix’s Petition was removed to the United States District Court of the Eastern' District of Louisiana (“EDLA”). Advance filed a Motion to Dismiss for lack of standing and failure to state a claim pursuant to F.R.C.P. 12(b)(1) and 12(b)(6). The EDLA issued an order partially granting Advance’s motion and found that Mr. Bradix lacked standing pursuant to Article III of the United States Constitution in federal court because Mr. Bradix failed to allege a “certainly impending injury.” The EDLA noted that Mr. Bradix did “not even [allege] that his credit score was adversely impacted by the two inquiries.” The EDLA, finding no subject matter jurisdiction, remanded the -matter to state court instead of dismissing the suit. The EDLA reasoned that the Louisiana state court must determine whether Louisiana law provided a remedy.
Once remanded to the trial court, Advance filed Peremptory Exceptions of |sNo Right and Action and No Cause of Action. Following the submission of memoranda and a hearing, the trial court sustained Advance’s exceptions and dismissed Mr. Bradix’s Petition with prejudice.[1] Mr. Bra-dix’s Motion for Order of Appeal followed.
Mr. Bradix contends that the trial court erred by granting Advance’s exceptions because standing was not lacking, and he suffered harm.

STANDARD OF REVIEW

Appellate courts review questions of law using the de novo standard of review. Davis v. Nola Home Constr., L.L.C., 16-1274, p. 6 (La. App. 4 Cir. 6/14/17), 2017 WL 2570927, *4, 222 So.3d 883, 840. “When reviewing legal issues, an appellate court gives ‘no special weight to the findings of .the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record.’ ” Spencer v. Chevron Corp., 16-0174, p. 5 (La. App. 4 Cir. 9/28/16), 202 So.3d 1055, 1058, quoting Banks v. New Orleans Police Dep’t, 01-0859, p. 3 (La. App. 4 Cir. 9/25/02), 829 So.2d 511, 514.
If the issues involve a mixed question of law and fact, the manifest error standard of review is utilized. Davis, 16-1274, p. 6, 2017 WL 2570927, *4, 222 So.3d at 838-39. “[A] reviewing court may not merely decide if it would have found the facts of the case differently.” Hall v. Folger Coffee Co., 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98. When using manifest error review, “[t]he issue to be resolved on review is not whether the judge or jury was right or wrong, but whether the judge’s , or jury’s factfinding conclusion was a reasonable one.” Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rock Mountain, LLC, 14-2592, p. 8 (La. 12/8/15), 193 So.3d 1110, 1116. Thus, this Court will not set aside “a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety.” Hall, 03-1734, p. 9, 874 So.2d at 98.

NO RIGHT OF ACTION

Mr. Bradix contends that the trial court erred by finding he lacked standing and granting Advance’s exception of no right of action. Mr. Bradix maintains that he suffered anxiety due to the data breach and unauthorized' credit inquiries as a result of the data breach.
The peremptory exception of no right of action is designed to “have the *528 plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” La. C.C.P. art. 923. “The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.” Hood v. Cotter, 08-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829. The Louisiana Supreme Court noted that “[t]he focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit.” Hood, 08-0215, p. 17, 5 So.3d at 829. “[I]t assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.” Id. Further, La. C.C.P. art. 931’ provides that “[o]n the trial of thé peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.”
Mr. Bradix cites to numerous federal cases regarding Article III standing in | a order to demonstrate that he possesses standing and has a justiciable controversy even though his identity has yet to be stolen. While these cases can be persuasive, they do not interpret Louisiana laws regarding the exception of no right of action.
In Louisiana, “[wjhether a litigant has standing to assert a claim is tested via an exception of no right of action.” Hershberger v. LKM Chinese, L.L.C., 14-1079, p. 4 (La. App. 4 Cir. 5/20/15), 172 So.3d 140, 143. “Louisiana’s standing requirement is found in Louisiana Code of Civil Procedure Article 681, which provides that ‘[e]xcept as otherwise provided, by law, an action can only be brought by a person having a real and actual interest in what he asserts.’” Id., quoting La. C.C.P. art. 681.
Mr. Bradix did not plead facts sufficient to establish standing.. Specifically, Mr.. Bradix stated that he. suffered the following damages: “including but not limited to potential identity theft, loss of credit, loss of opportunity for credit, denial of credit applications, and severe stress and anxiety associated with the months or years it will take to clear up Advance’s mess.”
As the EDLA stated, Mr. Bradix did not allege that someone successfully stole his identity. Mr. Bradix alleged’ that his information was contained in the information stolen from Advance and that he may become a victim of identity" theft at some point in the'future. Further^'he asserted that he suffered anxiety as a’result of the breach, and that he discovered two unauthorized credit checks. However, Mr. Bra-dix did not contend either that his credit score was negatively impacted or show that the unauthorized credit checks were related to the breach at Advance.
Louisiana courts do not “decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies.” Cat’s Meow, Inc. v. City of New Orleans Through Dep’t of Fin., 98-0601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193. “In order to avoid deciding abstract, hypothetical or moot questions, courts require cases submitted for adjudication to be justiciable, ripe for decision, and not brought prematurely.” Id. “A court must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical, or based on a contingency which may or may not arise.” Louisiana Fed’n of Teachers v. State, 11-2226, p. 5 (La. 7/2/12), 94 So.3d 760, 763.
*529 As Mr. Bradix failed to allege a particular injury, we find that his injury is too abstract such that our opinion on the matter would be advisory. As such, Mr. Bra-dix’s theoretical injuries are based upon the contingency of a third party using his information in the future. We find he lacks a justiciable controversy and standing. Therefore, the trial court did not err by sustaining Advance’s exception of no right of action.

NO CAUSE OF ACTION

Mr. Bradix also asserts that federal jurisprudence provides him with a cause of action, as he should not have to wait until a third party illegally uses his personal information to his detriment before being permitted access to court.[2]
“The limited function of an exception of no cause of action is to determine whether the law provides a remedy to anyone assuming that the facts plead in the petition will be proven at trial.” Farmco, Inc. v. W. Baton Rouge Par. Governing Council, 01-1086, p. 1 (La. 6/15/01), 789 So.2d 568, 569. “In making that limited determination, ‘all doubts are resolved in plaintiffs favor.’” Id., quoting 1 Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6.7(2)(1999). “An exception of no cause of action should be granted only when it 17appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief.” New Jax Condominiums Ass’n, Inc. v. Vanderbilt New Orleans, LLC, 16-0643, p. 11 (La. App. 4 Cir. 4/26/17), 219 So.3d 471, 479. “Louisiana utilizes fact pleading, which means that the ‘mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action.’ ” Tuban Petroleum, L.L.C. v. SIARC, Inc., 09-0302, p. 3 (La. App. 4 Cir. 4/15/09), 11 So.3d 519, 522, quoting Montalvo v. Sondes, 93-2813 (La. 5/23/94), 637 So.2d 127, 131.
Mr. Bradix’s petition based his recovery on the theories of negligence, gross negligence, a breach of a fiduciary duty, and invasion of privacy.

Ordinary and Gross Negligence

“Both ordinary negligence and gross negligence are analyzed under a duty-risk analysis.” Rathey v. Priority EMS, Inc., 04-0199, p. 29 (La. App. 4 Cir. 1/12/05), 894 So.2d 438, 459. “Though gross negligence and ordinary negligence have distinct meanings, they are both forms or different degrees of negligence.” Solow v. Heard McElroy & Vestal, L.L.P., 44,042, p. 12 (La. App. 2 Cir. 4/8/09), 7 So.3d 1269, 1277. “The lack of care on the part of the tortfeasor distinguishes ordinary negligence from gross negligence.” Id. The duty-risk “analysis requires the plaintiff to prove four distinct elements: (1) existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) the breach is a cause in fact of damage; and (4) actual damage was sustained by the plaintiff.” Taxicab Ins. Store, LLC v. Am. Serv. Ins. Co., Inc., 17-0004, p. 5 (La. App. 4 Cir. 7/12/17), 2017 WL 2963017, *3, 224 So.3d 451, 456-57.
The fourth element of negligence requires that the plaintiff sustain actual damages. As discussed in the section on the exception of no right of action, supra, |sMr. Bradix cannot prove that he suffered actual damages. Mr. Bradix’s alleged damages are too speculative in nature. Therefore, we find that Mr. Bradix did not possess a valid negligence, ordinary or gross, cause of action.

*530
Breach of Fiduciary Duty

Next, Mr. Bradix asserts that Advance breached its fiduciary duty to him “by taking action outside the limits of its authority” when it “disclosed pertinent and confidential personal information.” “The breach of a fiduciary duty entitles one to the recovery of the damages.” Woodward v. Steed, 30,611, p. 2 (La. App. 2 Cir. 6/24/98), 715 So.2d 629, 631. “The basic theory of reparation is that the damaged party should be returned as nearly as possible to his condition prior to the act which caused the damage.” Langendorf v. Administrators of Tulane Ed. Fund, 361 So.2d 905, 909 (La. App. 4th Cir. 1978). Again, Mr. Bradix failed to show that he suffered any harm or attributed damages to Advance’s alleged breach of fiduciary duty. As such, we find that Mr. Bradix did not possess a valid cause of action for a breach of fiduciary duty.

Invasion of Privacy

Lastly, Mr. Bradix contends that Advance invaded his privacy by releasing his personal information to the unknown third party. “The right of privacy involves the basic right of a person to be let alone in his private affairs.” Roshto v. Hebert, 439 So.2d 428, 430 (La. 1983). “Unwarranted invasion of a person’s right of privacy may give rise to liability for the resulting harm.” Id. “The determination of whether a person’s conduct constitutes the tort of invasion of privacy depends on the facts and circumstances of each case.” Id.
“The tort of invasion of privacy is directed at redressing the damage which an individual suffers when legally recognized elements of his right to privacy have | sbeen violated.” Tate v. Woman’s Hosp. Found., 10-0425, pp. 3-4 (La. 1/19/11), 56 So.3d 194, 197. The Louisiana Supreme Court provided that:
[a] tort of invasion of privacy can occur in four ways: (1) by appropriating an individual’s name or likeness; (2) by unreasonably intruding on physical solitude or seclusion; (3) by giving publicity which unreasonably places a person in a false light before the public; and (4) by unreasonable public disclosure of embarrassing private facts.
Tate, 10-0425, p. 4, 56 So.3d at 197. “An actionable invasion of privacy occurs only when a defendant’s conduct is unreasonable and seriously interferes with another’s privacy interest.” Landrum v. Bd. of Comm’rs of the Orleans Levee Dist., 95-1591, p. 14 (La. App. 4 Cir. 11/27/96), 685 So.2d 382, 392.
In the present matter, Mr. Bradix did not show damages as a result of the alleged invasion of privacy because there was only speculative resulting harm. Mr. Bradix also failed to demonstrate that his information was publicly disclosed. Further, with no resulting harm, Mr. Bradix cannot prove that the alleged data breach “seriously” interfered with his privacy interests. Therefore, we find that Mr. Bradix did not possess a valid cause of action for the tort of invasion of privacy, and the exception of no cause of action was properly maintained.

DECREE

For the above-mentioned reasons, we find that the trial court correctly sustained Advance’s exception of no right of action because Mr. Bradix only pled speculative future harm. Additionally, the trial court did not err by maintaining Advance’s exception of no right of action because an element from each theory of recovery was lacking. As such, the judgment of the trial court is affirmed.
AFFIRMED

. A class action was maintained in Florida with a different lead plaintiff. The only plaintiff at issue in the present appeal is Mr. Bra-dix.

. We recognize that finding Mr. Bradix has no right of action results in the dismissal of his suit. However, in an attempt at completeness, we examine the exception of no cause of action.