LAURA A. VEAZEY       *      NO. 2021-CA-0639

VERSUS             *

                            COURT OF APPEAL

ROBERT J. JOHNSON      *

                            FOURTH CIRCUIT

            *

                            STATE OF LOUISIANA

         * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-03161, DIVISION "K"
Honorable Bernadette D'Souza, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge
Rachael D. Johnson)

Rebecca Gilson
ATTORNEY AT LAW
200 North Cate Street
Hammond, LA 70401

David M. Prados
Melanie Lockett
LOWE STEIN HOFFMAN ALLWEISS & HAUVER, L.L.P.
701 Poydras Street, Suite 3600
New Orleans, LA 70139

COUNSEL FOR PLAINTIFF/APPELLANT


Martha J. Maher
ATTORNEY AT LAW
4603 South Carrolton Avenue
New Orleans, LA 70119


COUNSEL FOR DEFENDANT/APPELLEE

**REMANDED WITH INSTRUCTIONS**
**February 15, 2023**

# INTRODUCTION

This is a domestic relations case. Plaintiff/Appellant, Laura A. Veazey ("Ms. Veazey"), seeks review of the trial court's July 20, 2021 judgment adopting the Special Master's, Bruce Miller ("Mr. Miller"), *Proces Verbal* in its entirety. After consideration of the record before this Court, and the applicable law, we remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Ms. Veazey and Defendant/Appellee, Robert J. Johnson ("Mr. Johnson") (collectively, "the parties"), were married on December 31, 2015, in Jefferson Parish, Louisiana. Their minor son, L.J., was born on July 5, 2015.

Ms. Veazey filed a petition for divorce pursuant to La. Civ. Code art. 103(4), or alternatively, La. Civ. Code art. 102 on April 2, 2018. She also sought injunctive relief in the form of a temporary restraining order against Mr. Johnson. On April 9, 2018, Mr. Johnson filed an answer and reconventional demand. In his

1

reconventional demand, Mr. Johnson sought joint custody and to be named the domiciliary parent of the parties' minor son, L.J.

The parties entered into a consent judgment on September 19, 2018. According to the consent judgment, the parties were awarded joint legal custody of L.J., and Mr. Johnson was designated domiciliary parent. Mr. Johnson was awarded interim child support pursuant to La. R.S. 9:315.11 as well as interim spousal support. Ms. Veazey was required to "maintain [L.J.] on her employer's health and related insurance plans." Additionally, Ms. Veazey was required to pay or reimburse Mr. Johnson for "health and related insurance premiums, education related expenses for [L.J.'s] school, Child Autism Center, as long as his tuition and other mandatory fees are covered by Ms. Veazey's insurance," as well as "extraordinary uncovered medical expenses" and "any extracurricular activities to which both parties agree in writing." Ms. Veazey was "awarded the exclusive use and occupancy of the former family residence."

The trial court rendered a judgment of divorce on June 24, 2019, pursuant to La. Civ. Code art. 102.

On December 12, 2019, Ms. Veazey filed a rule to show cause to decrease child support as well as to terminate or, in the alternative, decrease spousal support. She also filed a rule for "contempt, request for sanctions, request for modification of domiciliary parent designation, request for mental health examination, request for anger management, request for co-parenting classes, request for ongoing therapy and request for all relief afforded under the post

2

separation family violence relief act." She filed a supplemental brief in support of her rule for contempt on March 30, 2020. Mr. Johnson filed a rule for contempt, attorneys' fees and costs on May 8, 2020.

The trial court heard the above rules on August 10, 2020, and the parties entered into a consent judgment on August 30, 2020. According to the consent judgment, the trial court appointed Mr. Miller "to act as mediator to resolve all issues currently pending before the [trial c]ourt." The trial court further ordered that, should the parties be "unable to reach an agreement in mediation, [Mr.] Miller [would be] appointed as the Special Master to resolve all issues currently pending before the [trial c]ourt." The trial court also ordered "that the parties may engage in discussion of settlement of the community property during the mediation" but that "the matter [was] not set before the [trial c]ourt or the Special Master."

The parties did not reach an agreement in mediation. Therefore, Mr. Miller filed his *Proces Verbal* on January 19, 2021. It addressed: (1) Ms. Veazey's income between October 1, 2018, until the time of filing of the *Proces Verbal*; (2) Mr. Johnson's income beginning on July 5, 2020, when L.J. reached five years of age; (3) Mr. Johnson's fault regarding the breakup of the parties' marriage; (4) a calculation of credits and arrearages pertaining to child and spousal support; (5) domiciliary parent status; (6) sanctions; (7) community property; and (8) Special Master fees.

Ms. Veazey filed an objection to Mr. Miller's *Proces Verbal* on January 27, 2021. In her objection, Ms. Veazey argued that Mr. Miller's *Proces Verbal* is

3

improper because it: (1) is "based on information provided during a settlement negotiation with no Special Master hearing having been conducted"; (2) awarded final spousal support to Mr. Johnson "as a punitive device against [Ms.] Veazey" without "tak[ing] into consideration whether [Mr.] Johnson was in necessitous circumstances" and "instead us[ing] the standard for interim spousal support"; (3) did not "take into consideration [Ms.] Veazey's ability to pay support" as required by law; (4) failed to make a determination as to whether Mr. Johnson was at fault for the breakup of the parties' marriage; (5) "failed to follow jurisprudence regarding imputation of income to [Mr.] Johnson"; (6) "did not take into consideration valid business expenses of [Ms.] Veazey"; (7) contained recommendations pertaining to "modification of custody and domiciliary parent designation" based on "no evidence, testimony, or argument of counsel"; (8) included recommendations pertaining to contempt orders "without permitting testimony of the parties, cross examination of witnesses, or the ability of counsel to question evidence submitted"; (9) "found [Ms.] Veazey in contempt or 'punished her' through the use of spousal support because she did not have the ability to pay expenses of [Mr.] Johnson that she was never ordered to pay"; (10) "found [Ms. Veazey] in contempt for failure to maintain health insurance for [Mr.] Johnson" even though Mr. Johnson "was ordered to obtain a health insurance plan . . . and forward the information for [Ms.] Veazey for her to pay," which Mr. Johnson failed to do; (11) held Ms. Veazey in contempt for failing to pay for Mr. Johnson's car insurance despite the fact that she paid for it "and provided documents to the

4

Special Master which proved she maintained the insurance on [Mr. Johnson's] car as ordered by the" trial court; (12) contained inaccurate findings of fact; (13) failed "to make a determination of interim spousal support retroactive to the date of [Ms.] Veazey's request to reduce or terminate support"; and (14) denied Ms. Veazey due process because, once Mr. Miller assumed the role of Special Master, he "only accepted additional documents and utilized information he obtained in mediation, from the experts, and emails between counsel to make his conclusions of law."

Ms. Veazey filed a supplemental objection to Mr. Miller's *Proces Verbal* on June 25, 2021. In her supplemental objection, Ms. Veazey contended that: (1) Mr. Johnson "misrepresented crucial facts to the Court and the Special Master in an effort to illicit awards of money to be paid by [Ms. Veazey]"; (2) though Mr. Johnson "has alleged that he is a full time student at the University of New Orleans," he has "never completed any semester" at the University of New Orleans "as a full time student"; (3) Mr. Miller improperly held Ms. Veazey in contempt for failing to pay for Mr. Johnson's car insurance when she had, in fact, paid for two additional months of his car insurance; (4) Mr. Miller improperly held Ms. Veazey in contempt of court for failing to pay for Mr. Johnson's health insurance because Mr. Johnson failed to procure health insurance and forward the invoice to Ms. Veazey; and (5) "the Special Master alleged that [Ms. Veazey] did not provide" documentation concerning her income even though she "was forced to produce documents to prove her income that far exceed those that would be required for a criminal tax audit."

5

In her supplemental opposition, Ms. Veazey also addressed additional matters that were pending before the trial court. Concerning child support and interim spousal support, Ms. Veazey contended that Mr. Johnson "should be imputed income based on his ability to work." Regarding final spousal support, Ms. Veazey asserted that Mr. Johnson was at fault for the breakup of the parties' marriage, Mr. Johnson was not in necessitous circumstances, and she did not have the ability to pay Mr. Johnson. Accordingly, Ms. Veazey argued that Mr. Johnson's request for final spousal support should be dismissed with prejudice. With respect to custody, Ms. Veazey argued that she should have custody of the parties' minor child, L.J. because of Mr. Johnson's "inability to stop his abusive conduct toward" Ms. Veazey. As to the domiciliary parent designation, Ms. Veazey contended that she should be L.J.'s domiciliary parent because Mr. Johnson "utilizes his domiciliary parent designation to abuse and harass [her] often not taking her opinion on matters regarding the child into consideration." Finally, Ms. Veazey asserted that Mr. Johnson should be found in contempt of court because Mr. Johnson had the financial documents he needed concerning Ms. Veazey's income taxes and because Mr. Johnson has "continued his harassment and abuse against [Ms. Veazey] via their minor child."

The trial court heard Ms. Veazey's objection to the *Proces Verbal* on June 30, 2021. There is no transcript from the proceeding, but the parties submitted a joint narrative of facts pursuant to La. C.C.P. art. 2131. According to the joint narrative of facts, "counsel for both parties provided legal argument to the [trial]

court[,] and [Mr.] Miller testified." Following legal argument from both parties as well as Mr. Miller's testimony, the trial court "adopted the Special Master's report in its entirety as the Judgment of the Court." Accordingly, the trial court rendered a judgment on July 20, 2021, adopting Mr. Miller's *Proces Verbal* in its entirety. This appeal followed.

## DISCUSSION

### Assignments of Error

Ms. Veazey raises the following four assignments of error on appeal: (1) even though the parties entered into a consent judgment concerning Mr. Miller's dual appointment as mediator and Special Master, "there is an inherent conflict of interest which is against public policy" that "cannot be waived"; (2) the trial court erred in adopting Mr. Miller's *Proces Verbal* in its entirety because "the Special Master conducted no contradictory hearings, heard no admissible evidence, based his Report on inadmissible settlement negotiations during a formal mediation, and did not allow the parties to present witness testimony under oath, cross-examine adverse witnesses, or challenge the authenticity of documents he reviewed"; (3) the trial court erred when it "fail[ed] to require and review evidence upon which the Special Master's report and the trial court's judgment are based, thereby precluding meaningful appellate review as required by the Louisiana Constitution"; and (4) the trial court erred because it "deprived the parties of due process because it denied them a meaningful opportunity to be heard."

**Standards of Review**

"When reviewing questions of fact as determined by the factfinder, be it a jury or a judge, appellate courts utilize the manifest error or clearly wrong standard of review." *Harold A. Asher, CPA, LLC v. Haik*, 12-0771, p. 4 (La. App 4 Cir. 4/10/13), 116 So.3d 720, 723 (citing *Sassone v. Doe*, 11-1821, pp. 2-3 (La. App. 4 Cir. 5/23/12), 96 So.3d 1243, 1245). The manifest error standard of review also applies to mixed questions of law and fact. *Davis v. Nola Home Constr., L.L.C.*, 16-1274, p. 6 (La. App. 4 Cir. 6/14/17), 222 So.3d 833, 840 (citing *Boes Iron Works, Inc. v. Gee Cee Grp., Inc.*, 16-0207, p. 8 (La. App. 4 Cir. 11/16/16), 206 So.3d 938, 946, *writ denied*, 17-0040 (La. 2/10/17), 216 So.3d 45. Appellate courts apply the *de novo* standard of review to questions of law. *Bradix v. Advance Stores Co., Inc.*, 17-0166, p. 3 (La. App. 4 Cir. 8/16/17), 226 So.3d 523, 527 (citing *Davis*, 16-1274, p. 6, 222 So.3d at 840).

## ANALYSIS

Regarding Ms. Veazey's first assignment of error, Ms. Veazey argues that even though she and Mr. Johnson "consented to Mr. Miller's dual appointment" as mediator and Special Master, he could not serve as "both a confidential Mediator and an objective fact finder as Special Master because that creates an inherent conflict of interest prohibited by public policy, which cannot be waived." Mr. Johnson contends that Ms. Veazey agreed to Mr. Miller's dual appointment as mediator and Special Master and that she "now complains that the Special Master erred by following the [trial court's] order to which she agreed and that the [trial] court erred by adopting Mr. Miller's recommendations."

8

"A consent judgment has binding force from the presumed voluntary acquiescence of the parties, not from adjudication by the court." *Succession of Simmons*, 527 So.2d 323, 325 (La. App. 4th Cir. 1988) (citing *Ritchey v. Azar*, 383 So.2d 360 (La. 1980)). Consent judgments are "bilateral contract[s] wherein parties adjust their differences by mutual consent." *Plaquemines Par. Gov't v. Getty Oil Co.*, 95-2452, p. 6 (La. 5/21/96), 673 So.2d 1002, 1006 (citing La. Civ. Code. art. 3071; *Preston Oil Co. v. Transcon. Gas Pipe Line Corp.*, 594 So.2d 908, 913 (La. App. 1st Cir. 1991). "A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law." *Id.* (citing *Preston Oil Co.*, 594 So.2d at 913).

Rule 1-3, Uniform Rules, Courts of Appeal, , provides that appellate courts "shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice requires otherwise." Additionally, La. C.C.P. art. 2161 provides that "[a]n appeal shall not be dismissed because the trial record is missing, incomplete, or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record." La. C.C.P. art. 2161. It further provides that "[a]n appeal shall not be dismissed because of any other irregularity, error, or defect unless it is imputable to the appellant." *Id.* Without a transcript of the June 30, 2021 objection hearing, it is unclear whether this assignment of error was submitted to the trial court. Accordingly, we remand pursuant to La. C.C.P. art. 2161 for clarification as to whether this assignment of error was submitted to the trial court.

9

As to Ms. Veazey's second assignment of error, Ms. Veazey contends that the trial court erred by adopting Mr. Miller's *Proces Verbal* because Mr. Miller, as Special Master, "conducted no contradictory hearings, heard no admissible evidence, based his [r]eport on inadmissible settlement negotiations during a formal mediation, and did not allow the parties to present witness testimony under oath, cross-examine adverse witnesses, or challenge the authenticity of documents he reviewed."

In opposition, Mr. Johnson asserts that, under the applicable version of Louisiana's Special Master statute in effect at the time, "Mr. Miller's process of ascertaining evidence upon which to base his conclusions was fit to his fashion" because "Special Masters had broad discretion under the statute to conduct their evaluations." We agree.

"Louisiana's Special Master statute was adopted in 1997 and modeled after the corresponding federal rule, Rule 53 of the Federal Rules of Civil Procedure." *Casey v. Casey*, 15-1269, p. 11 (La. App. 4 Cir. 6/29/16), 196 So.3d 748, 754 (citations omitted). The statute "authorizes a court, with the consent of the litigants, to refer matters to a Special Master, who may make findings of fact and conclusions of law on the referred matters." *Id.* at p. 11, 196 So.3d at 755 (citing La. R.S. 13:4165(A)-(C)). Of paramount significance to the federal and Louisiana statutes "are guarantees of notice and an opportunity to be heard on the issues referred to the Special Master." *Id.* at p. 11, 196 So.3d at 755 (citing La. R.S. 13:4165(C)(2); Fed. R. Civ. P. 53(f)).

The applicable version of the statute provides in full:

> A. Pursuant to the inherent judicial power of the court and upon its own motion and with the consent of all

parties litigant, the court may enter an order appointing a special master in any civil action wherein complicated legal or factual issues are presented or wherein exceptional circumstances of the case warrant such appointment. The consent of the parties litigant may be contingent upon any of the following:

(1) An estimate of the amount of the compensation of the special master.

(2) The identity of the special master.

(3) The court's anticipated specifications of the powers of the special master as defined by Subsection B of this Section.

B. The order appointing a special master may specify or limit the master's powers. Subject to such specifications or limitations, the master has and shall exercise the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties.

C. (1) The court may order the master to prepare a report upon the matters submitted to him and, if in the course of his duties he is required to make findings of fact or conclusions of law, the order may further require that the master include in his report information with respect to such findings or conclusions.

(2) The report shall be filed with the clerk of court and notice of such filing shall be served upon all parties.

(3) Within ten days after being served with notice of the filing of the report, any party may file a written objection thereto. After a contradictory hearing, the court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions. If no timely objection is filed, the court shall adopt the report as submitted, unless clearly erroneous.

D. The master's compensation shall be reasonable, fixed by the court, as limited by Subsection A of this Section, and taxed as costs of the court.

E. Notwithstanding any other provision of the law to the contrary, including Code of Evidence Article 706, the

> provisions of this Section shall provide the sole authority and procedure for the appointment.

La. R.S. 13:4165.

The parties agreed in their August 31, 2020 consent judgment that Mr. Miller would serve as Special Master "to resolve all issues currently pending before the [trial c]ourt." The plain language of the statute in effect at the time that Mr. Miller served as Special Master granted him "the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties." La. R.S. 13:4165(B). Moreover, the statute further provided that it, "[n]otwithstanding any other provision of law to the contrary, including Code of Evidence Article 706, . . . shall provide the sole authority and procedure for the appointment, duties, powers, and compensation of a special master." La. R.S. 13:4165(E). There is nothing in the statute that required Mr. Miller to resolve the issues pending between the parties utilizing the procedures Ms. Veazey outlines in her second assignment of error. We agree with Mr. Johnson that the applicable version of the statute, coupled with the sweeping language of the parties' August 31, 2020 consent judgment, provided Mr. Miller with "complete leeway for Mr. Miller to resolve all issues pending at that time."

Ms. Veazey further argues in her second assignment of error that the trial court erred by adopting Mr. Miller's *Proces Verbal* based on the procedural deficiencies she attributes to Mr. Miller. Given the lack of transcript from the June 30, 2021 objection hearing, and for the reasons explained more fully below, we decline to rule concerning this aspect of Ms. Veazey's second assignment of error and remand with instructions.

Concerning Ms. Veazey's third and fourth assignments of error, Ms. Veazey argues that the trial court erred because it "fail[ed] to require and review evidence upon which the Special Master's report and the trial court's judgment are based, thereby precluding meaningful appellate review as required by the Louisiana Constitution." She further contends that the parties did not have a meaningful opportunity to be heard, violating their due process rights." Mr. Johnson argues that Ms. Veazey failed to provide Mr. Miller with requested documentation and had "every opportunity at the [o]bjection [h]earing to call witnesses and introduce documents and contest those relied upon by the Special Master" but failed to do so.

Without a transcript of the June 30, 2021 objection hearing, it is unclear whether the trial court conducted the hearing in accordance with the requirements of La. R.S. 13:4165(C)(3). Additionally, this Court does not have enough information in the record for meaningful review as to whether the trial court erred in overruling Ms. Veazey's objection to Mr. Miller's *Proces Verbal* or whether the parties were denied a meaningful opportunity to be heard before the trial court adopted Mr. Miller's *Proces Verbal* in its entirety. We therefore remand and instruct the trial court to conduct a contradictory hearing pursuant to La. R.S. 13:4165(C)(3).

**DECREE**

For the foregoing reasons, we remand pursuant to La. C.C.P. art. 2161 for clarification as to whether Ms. Veazey's first assignment of error concerning Mr. Miller's dual appointment as Special Master and mediator was submitted to the trial court. We further remand with instructions that the trial court conduct a contradictory hearing in accordance with La. R.S. 13:4165(C)(3).

13

**REMANDED WITH INSTRUCTIONS**
**February \_\_\_\_, 2023**